# In the
# United States Court of Appeals
## For the Seventh Circuit

———————

No. 03-2040

KUKARAJAH SANKARAPILLAI,

*Petitioner,*

v.

JOHN ASHCROFT, ATTORNEY GENERAL,

*Respondent.*

———————

Petition for Review of an Order
of the Board of Immigration Appeals

———————

SUBMITTED MAY 13, 2003—DECIDED JUNE 4, 2003

———————

Before BAUER, POSNER, and WILLIAMS, *Circuit Judges*.

PER CURIAM.   Petitioner Kukarajah Sankarapillai is a native and citizen of Sri Lanka who entered the United States in April 2002. The Immigration and Naturalization Service ("INS")[1] initiated removal proceedings against him on the grounds that he had sought to gain admission to the United States without possession of a valid entry document,

———————

[1]  Effective March 1, 2003, the INS ceased to exist as an agency of the Department of Justice, and its immigration enforcement functions were transferred to the Bureau of Immigration and Customs Enforcement, which is part of the Department of Homeland Security.

*see* Immigration and Nationality Act ("INA") § 212(a)(7)(A), 8 U.S.C. § 1182(a)(7)(A), and by fraud or willfully misrepresenting a material fact, *see* INA § 212(a)(6)(C)(i), 8 U.S.C. § 1182(a)(6)(C)(i).

Petitioner admitted the facts alleged by the INS and conceded removability, but filed an application for asylum, withholding of removal, and protection under the Convention Against Torture. The basis for petitioner's asylum claim was an allegation that he had been mistreated by the Sri Lankan government. He claimed that on three separate occasions over an 18-month period he was detained by members of the Sri Lankan army, who accused him of being involved in a rebel group suspected of several bombings. Petitioner claimed that he was beaten during each of these detentions, and that he was released only after a family member paid a bribe on his behalf. The Immigration Judge rejected petitioner's asylum claim, concluding that he had failed to introduce corroborating evidence in support of his claims, and that his uncorroborated testimony alone failed to establish past persecution.

The Board of Immigration Appeals ("BIA") affirmed the decision of the Immigration Judge on March 18, 2003. Petitioner, through counsel, filed a petition for review with this court on April 18, 2003. The government moves to dismiss the petition as untimely.

The INA specifies that a petition for review "must be filed not later than 30 days after the date of the final order of removal." *See* INA § 242(b)(1), 8 U.S.C. § 1252(b)(1) (2000). Courts interpreting this provision have found it to be a strict jurisdictional requirement. *See Navarro-Miranda v. Ashcroft*, ___ F.3d ___, 2003 WL 21018847, at * 4 (5th Cir. May 6, 2003); *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003); *Malvoisin v. INS*, 268 F.3d 74, 75 (2d Cir. 2001).

Here, the BIA issued the final order of removal on March 18, 2003. Because March has 31 days, the petition for review was due April 17. The petition was not filed by that

date, however. Rather, petitioner's counsel sent the petition from California by overnight mail on April 17, 2003. It was received by this court on April 18. In a similar circumstance, the Fifth Circuit found a petition for review untimely. In *Navarro-Miranda*, the petitioner's counsel mailed the petition for review within the 30-day time period, but the petition was not received by the Court of Appeals until after the deadline had run. *See Navarro-Miranda*, ___ F.3d ___, 2003 WL 21018847, at *4. The court concluded that the petition was not timely because the statute clearly provides that a petition must be *filed* within the 30-day period. The court further concluded that because the deadline was jurisdictional, it lacked any authority to extend the deadline. *Id.*

Similarly, in *Malvoisin*, the Second Circuit determined that it lacked authority to consider a petition for review filed two days beyond the 30-day deadline. The court relied on Federal Rule of Appellate Procedure 26(b), governing extension requests, which specifically prohibits a court from extending the deadline for filing a petition for review of an agency order. *See Malvoisin*, 268 F.3d at 76; *see also Nahatchevska*, 317 F.3d at 1227 (Federal Rule of Appellate Procedure 26(c) could not be used to extend time for filing petition for review).

We find this reasoning persuasive, and join our sister circuits to hold that the 30-day deadline for filing a petition for review of a final order of removal is a jurisdictional requirement. This petition for review, filed by counsel 31 days after the BIA's order, is therefore untimely.[2] Accordingly, the petition is DISMISSED for lack of jurisdiction. Petitioner's

---

[2] Because the petitioner is represented by counsel, we need not consider whether a petition mailed within the 30-day deadline by a pro se petitioner in INS custody could be considered "timely" under the more lenient filing rules applied to pro se prisoners. *See Houston v. Lack*, 487 U.S. 266 (1988) (notice of appeal timely where prisoner delivered notice to prison officials for mailing within the statutory period).

motion for a stay of deportation pending appeal is DENIED as moot.

A true Copy:

      Teste:

_____
***Clerk of the United States Court of
Appeals for the Seventh Circuit***