# United States Court of Appeals
## For the First Circuit

No. 03-1557

JHON JAIRO LASPRILLA,

Petitioner,

v.

JOHN ASHCROFT, Attorney General,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER OF
THE BOARD OF IMMIGRATION APPEALS

Before

Torruella, Circuit Judge,
John R. Gibson, Senior Circuit Judge,*
and Lynch, Circuit Judge.

Anthony Drago, Jr. for petitioner.

Thankful T. Vanderstar, Attorney, Office of Immigration
Litigation, with whom Peter D. Keisler, Assistant Attorney General,
Civil Division, and Linda S. Wernery, Senior Litigation Counsel,
Office of Immigration Litigation, were on brief, for respondent.

April 22, 2004

_____

* Of the United States Court of Appeals for the Eighth Circuit,
sitting by designation.

**LYNCH**, <u>Circuit Judge</u>.  Jhon Jairo Lasprilla, a native and citizen of Colombia, seeks review of the Board of Immigration Appeals' denial of his motion to reconsider the denial of his earlier motion to reopen.  Lasprilla sought to reopen in order to apply for an adjustment of status based on his marriage to a United States citizen.  Finding no abuse of discretion in the BIA's denial of the motion to reconsider, we affirm.

**I.**

Lasprilla entered the United States without inspection on July 3, 1994.  On September 22, 1995, the INS issued him an order to show cause as a deportable alien.  An immigration judge heard his application for asylum and withholding of deportation and denied the application on October 15, 1997.  His appeal from that decision was denied by the BIA without opinion on August 6, 2002.  On August 26, 2002, Lasprilla filed a motion with the BIA to reopen his case to allow him to apply for an adjustment of status.  The BIA denied the motion to reopen on November 12, 2002, finding that Lasprilla had not made a prima facie showing of eligibility for adjustment under a "grandfathering" provision, § 245(i), of the Immigration and Nationality Act (INA).

Lasprilla filed a second motion, to reconsider and to reopen, which was denied by the BIA on March 26, 2003.  That denial is the subject of this appeal.  The BIA found that Lasprilla could not rely on his former wife's visa application on his behalf for

grandfathering purposes because he was not a "beneficiary" of a visa application filed before April 30, 2001.

The background facts are these. Lasprilla had married a United States citizen in September 1996, while his deportation proceedings were pending. In March 1997, his wife filed a visa petition on his behalf. However, she did not reply to INS requests for more information about their marriage, and the petition was denied on July 23, 1997. Lasprilla divorced his wife in May 2001, while his appeal to the BIA was pending, and married his current wife in August 2001. His new wife filed a visa petition for him on February 19, 2002, and that petition was approved on May 31, 2002.

**II.**

This court's standard of review on a denial of a motion to reconsider an earlier denial of a motion to reopen is quite constrained. Our review is for abuse of discretion, see Zhang v. INS, 348 F.3d 289, 293 (1st Cir. 2003); Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001), and we find none here.

In his initial motion to reopen in August 2002, Lasprilla could have presented evidence in support of his argument that he was entitled to an adjustment of status. However, he made only a bare-bones filing that did not even include his first wife's visa petition. Ably represented by new counsel, petitioner later filed the motion to reconsider. That motion argued that he was eligible to adjust his status by virtue of the visa application filed by his

-3-

first wife, an American citizen, under the grandfathering provision of § 245(i) of the INA. Ordinarily, aliens who enter the United States without inspection, as Lasprilla did, cannot apply for an adjustment of status. 8 C.F.R. § 245.1(b)(3); see 8 U.S.C. § 1255(a). But under the grandfathering provision, an alien who entered the United States without inspection may apply for an adjustment if he was the beneficiary of a visa petition under 8 U.S.C. § 1154 that was filed on or before April 30, 2001 and that was "approvable when filed." 8 C.F.R. § 245.10; see 8 U.S.C. § 1255(i).

We bypass several issues to get to the essential dispute. Lasprilla says that the BIA made an error of law when it denied reconsideration of its denial of reopening on the ground that he was not a "beneficiary" for purposes of the grandfathering provision. The BIA considered Lasprilla's argument that the visa petition filed for him by his first wife should be eligible for grandfathering because it was filed before the April 30, 2001 deadline. The BIA determined that Lasprilla could not rely on that filing for grandfathering eligibility because he was not a "beneficiary."

It would have been helpful to have received from the BIA a fuller explanation of why Lasprilla was not a "beneficiary." The respondent's brief claims to provide the reasoning behind the BIA decision, and the reasoning in the brief may well be the BIA's

actual reasoning, but it is difficult to tell.  Under other circumstances, this court might remand to the BIA to explain its reasoning, as it is not self-evident what the BIA meant.  Normally this court would not affirm based on reasoning not relied upon by an agency.  See SEC v. Chenery Corp., 332 U.S. 194, 196-97 (1947); Albathani v. INS, 318 F.3d 365, 378 (1st Cir. 2003); El Moraghy v. Ashcroft, 331 F.3d 195, 206 (1st Cir. 2003).  Here, though, we are mindful that the petitioner comes before us on a denial of a motion to reconsider a denial of a motion to reopen and the agency has broad discretion.  We have found nothing in the regulations that requires the BIA to explain its reasons when deciding a motion to reconsider.

We turn to the supplemental explanation in the respondent's brief.  The reasoning provided in the respondent's brief is that Lasprilla was not a beneficiary because the visa petition was not "approvable when filed."  This is a term of art. 8 C.F.R. § 245.10(a)(3) ("Approvable when filed means that, as of the date of the filing . . . the qualifying immigrant visa petition under [8 U.S.C. § 1154] . . . was properly filed, meritorious in fact, and non-frivolous . . . ."); 66 Fed. Reg. 16,383, 16,385 (Mar. 26, 2001).  The petition filed by Lasprilla's first wife on his behalf could not have been approved under the requirements of 8 U.S.C. § 1154, unless some exception applied.  Section 1154(g) provides that,

-5-

except as provided in [8 U.S.C. § 1255(e)(3)], a petition may not be approved to grant an alien immediate relative status or preference status by reason of a marriage which was entered into during [the period in which administrative or judicial proceedings were pending regarding the alien's right to be in the United States], until the alien has resided outside the United States for a 2-year period beginning after the date of the marriage.

The exception in § 1255(e)(3) provides that a petition based upon a marriage entered into during the pendency of deportation proceedings may be approved "if the alien establishes by clear and convincing evidence . . . that the marriage was entered into in good faith and . . . not entered into for the purpose of procuring the alien's admission as an immigrant . . . ." Lasprilla agrees that this is the standard.

There is no dispute that Lasprilla's first marriage was entered into during the pendency of the deportation proceedings. As a result, the visa petition filed for Lasprilla by his first wife could only have been "approvable when filed" if Lasprilla had met his burden of offering evidence to show that he was eligible for the § 1255(e)(3) exception to § 1154(g). Lasprilla did not offer any such evidence to the BIA in connection with the motion to reconsider; he did not show that the marriage to his first wife was bona fide and not entered into for purposes of fraud. The fact that he now raises a question about whether his first wife ever received a notice from the INS indicating that further evidence was required does not make the BIA's latest decision not to reopen an abuse of discretion. Lasprilla had two opportunities -- in his

motion to reopen and in his motion to reconsider -- to present a sufficient showing that he was within the exception and thus that the visa application was "approvable when filed." But he failed to do so, and there can be no claim that he lacked access to evidence showing his first marriage was not fraudulent.

For these reasons, we find petitioner has not met his burden to show an abuse of discretion in the BIA's denial of the motion to reconsider. That denial is **<u>affirmed</u>**. We dissolve the stay of deportation that this court entered earlier. So ordered.