**Not For Publication in West's Federal Reporter**
**Citation Limited Pursuant to 1st Cir. Loc. R. 32.3**

# United States Court of Appeals
## For the First Circuit

No. 03-2327

ABDEL RAGAB,

Petitioner,

v.

JOHN ASHCROFT,
UNITED STATES ATTORNEY GENERAL,

Respondent.

ON PETITION FOR REVIEW OF AN ORDER
OF THE BOARD OF IMMIGRATION APPEALS

Before

Torruella and Howard, Circuit Judges,
and Stearns,[*] District Judge.

Mario Bozza, on brief, for petitioner.
Hugh G. Mullane, Senior Litigation Counsel, Office of
Immigration Litigation, Civil Division, with whom Peter D. Keisler,
Assistant Attorney General and Francis W. Fraser, Senior Litigation
Counsel, were on brief, for respondent.

June 30, 2004

---

[*]  Of the District of Massachusetts, sitting by designation.

**Per Curiam**.  Petitioner Abdel Hakim Moustafa El Desouky Ragab ("petitioner") appeals from the decision of the Board of Immigration Appeals's ("BIA") to deny his motion to reopen. Finding no abuse of discretion in the BIA's order, we affirm.

Petitioner is a native and citizen of Egypt.  He was admitted into the United States on July 16, 2000 as a crewman for a temporary period -- no longer than 29 days -- and remained in the United States beyond that period without further authorization. The Immigration and Naturalization Service ("INS")[1] issued a notice to appear charging him with removability.  Petitioner appeared before an Immigration Judge on December 11, 2001.[2]

At the hearing, counsel indicated that on April 30, 2001, the Brushworks Company filed an application for labor certification on petitioner's behalf with the Massachusetts Department of Labor. Petitioner argued to the Immigration Judge, that based on the application, he was eligible for adjustment of status under 8

---

[1]  In March 2003, the relevant functions of the INS were transferred into the new Department of Homeland Security and reorganized into the Bureau of Immigration and Customs Enforcement (BICE).  For simplicity, we refer to the agency throughout this opinion as the INS.

[2]  At petitioner's second hearing, held on July 13, 2001, the Immigration Judge asked petitioner if he had any fear of returning to Egypt, the designated country of removal.  Petitioner reaffirmed the answer he had given at an earlier hearing on July 10, 2001; he had no fear of returning to Egypt.  Therefore, any claims for asylum, withholding of removal, and relief under the Convention Against Torture were deemed abandoned.

U.S.C. § 1255(i);[3] if he was so eligible, he would then be a candidate for permanent residence. After consulting counsel for the INS and for petitioner, the Immigration Judge concluded that petitioner was not eligible for adjustment of status, but granted petitioner's request for voluntary departure in lieu of removal.

Petitioner appealed to the BIA on December 21, 2001; he claimed that the Immigration Judge erred by denying him adjustment of status, or in the alternative, a continuance to seek adjustment of status. The BIA affirmed without opinion on May 8, 2003. On May 30, 2003, petitioner filed a motion to reopen before the BIA, arguing that his visa petition filed on May 5, 2003 was pending and, if granted, he was planning to seek adjustment of status.

---

[3] This statute states in relevant part:

> (1) Notwithstanding the provisions of subsections (a) and (c) of this section, an alien physically present in the United States --
>> (A) who --
>>> (i) entered the United States without inspection . . . [and] . . .
>> (B) who is the beneficiary . . . of . . .
>>> (ii) an application for a labor certification under section 1182(a)(5)(A) of this title that was filed pursuant to the regulations of the Secretary of Labor on or before [April 30, 2001]; and
>> (C) who, in the case of a beneficiary of . . . an application for labor certification, described in subparagraph (B) that was filed after January 14, 1998, is physically present in the United States on December 21, 2000;
> may apply to the Attorney General for the adjustment of his or her status to that of an alien lawfully admitted for permanent residence.

8 U.S.C. § 1255(i)(1).

The motion to reopen was denied on August 27, 2003. The BIA noted that while crewmen are generally prohibited from adjusting their status, they may do so "if they meet the requirements of section 245(i) [codified at 8 U.S.C. § 1255(i)] of the [Immigration and Nationality] Act, and of 8 C.F.R. § 1245.10 . . . ." The BIA further stated that petitioner may be 'grandfathered' into eligibility because his application for a labor certification was filed before April 30, 2001. See 8 C.F.R. § 1245.10 (a)(1)(B). Nevertheless, the BIA determined that the information submitted by petitioner showed that his visa application was filed on May 5, 2003, with no indication that it had ever been approved. Therefore, the BIA could not adjust his status as the beneficiary of an approved visa petition. See 8 U.S.C. § 1255(i)(2). Petitioner appeals this decision.[4]

The government argues that we have no jurisdiction over the initial BIA affirmance of the Immigration Judge's decision determining the issue of adjustment of status because the petitioner appealed only from the denial of the motion to reopen. Under the Illegal Immigration Reform and Immigrant Responsibility Act of 1996, all final BIA orders must be appealed to this court

---

[4] A further motion to reopen was filed on October 6, 2003. No disposition appears in the administrative record. According to the government's brief, it was denied on February 6, 2004.

within thirty days.  See 8 U.S.C. § 1252(b)(1).[5]  A timely appeal is a strict jurisdictional requirement. See Nascimento v. INS, 274 F.3d 26, 28 (1st Cir. 2001); see also Sankarapillai v. Ashcroft, 330 F.3d 1004, 1005-06 (7th Cir. 2003) (collecting cases).  The period in which to appeal BIA orders continues to run despite petitioner's motions to reopen and reconsider; such motions are appealed separately.  See Stone v. INS, 514 U.S. 386, 405-06 (1995)(holding that filing motions for reconsideration does not toll or enlarge the time allowed for seeking judicial review).  The petition for review in this appeal was filed on September 26, 2003. Therefore, we have no jurisdiction to hear an appeal from the BIA's affirmance without opinion issued on May 8, 2003.  We do, however, have jurisdiction to hear the appeal from the August 27, 2003 BIA decision denying the motion to reopen.

"Motions to reopen are disfavored in deportation proceedings because of the strong public interest in bringing litigation to a close." Fesseha v. Ashcroft, 333 F.3d 13, 20 (1st Cir. 2003)(internal quotations and citations omitted).  Two threshold requirements must be met to prevail on a motion to reopen: "it [must] establish a prima facie case for the underlying substantive relief sought and . . . it [must] introduce previously

---

[5]  "The petition for review must be filed not later than 30 days after the date of the final order of removal."  8 U.S.C. § 1252 (b)(1).

unavailable, material evidence." <u>Id.</u> (internal quotations and citations omitted). We review for abuse of discretion. <u>Id.</u>

Petitioner has not made a prima facie case for the underlying relief. The BIA recognized that petitioner may have been eligible for adjustment as a beneficiary of the "grandfathering" provision under Section 245(i) of the INA by filing an application for labor certification on or before April 30, 2001.

Petitioner does not currently meet the second statutory requirement for adjustment of status, however, which states that "[u]pon receipt of such [a labor certification] application . . ., the Attorney General may adjust the status of the alien . . . if -- (A) the alien is eligible to receive an immigrant visa . . .; <u>and</u> (B) an immigrant visa is immediately available to the alien at the time the application is filed." 8 U.S.C. § 1255(i)(2) (emphasis supplied). The regulations define the term "immediately available" as:

> (1) Availability of immigrant visas under [8 U.S.C. § 1255] . . . . If the applicant is a preference alien, the current Department of State Bureau of Consular Affairs Visa Bulletin will be consulted to determine whether an immigrant visa is immediately available. An immigrant visa is considered available for accepting and processing the application Form I-485 [for adjustment of status] if the preference category application has a priority date on the waiting list which is earlier than the date shown in the Bulletin (or the Bulletin shows that numbers for visa

> applicants in his or her category are current).

8 C.F.R. § 245.1(g)(1).

> The BIA held that

> > the information submitted . . . in connection with this motion indicates only that the [Department of Homeland Security] received a visa petition filed on [petitioner's] behalf on May 5, 2003. We have received no information that the visa petition has been approved. Accordingly, the respondent is currently not eligible to adjust his status as he is not the beneficiary of an approved visa petition, and thus he does not have a visa immediately available to him. [8 U.S.C. § 1255(i)(2)(A)]. As the respondent is not currently eligible for the relief he seeks his motion must be denied.

Petitioner, nevertheless, argues that he was entitled to a continuance by virtue of the pending employment visa petition, the approval of which would entitle him to adjustment of status.

In Hernández v. Ashcroft, 345 F.3d 824, 841-42 (9th Cir. 2003), the INS argued that in order to qualify for adjustment of status the petitioner must show that a visa had been approved on her behalf. The Ninth Circuit stated that, assuming arguendo this was the applicable rule, Hernández had made a showing that she was the beneficiary of an immediately available visa because her application had been approved and she was given a priority date. Id. Hernández's application had been processed and she was eligible under the second family preference category. Id.; see 8 U.S.C. § 1153(a)(2)(A).

In contrast, petitioner here has provided no information, other than the INS's receipt of his I-140 visa application, to show that a visa was immediately available to him. Since petitioner is a preference alien under the employment preference categories, his visa is not considered immediately available until he has a priority date on the waiting list which is earlier than the date shown on the Department of State Bulletin as specified in 8 C.F.R. § 245.1(g)(1). Petitioner has made no showing that his Form I-140 had been approved or that he was allocated a priority date. See 8 C.F.R. § 245.1(g)(2).

Because petitioner was not eligible for adjustment of status under the statute, the BIA did not commit an error of law on the substantive issue. See Lasprilla v. Ashcroft, 365 F.3d 98, 101 (1st Cir. 2004)(stating that a motion to reconsider was properly denied when petitioner failed to show that he qualified for adjustment of status under the 'grandfathering' provision). We can discern no abuse of discretion and therefore affirm.

**Affirmed**.