UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Submitted September 28, 2005[*]
Decided September 28, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. RICHARD A. POSNER, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-4335

| | |
|---|---|
| MOHINDER SINGH,<br>    *Petitioner*, | Petition for Review of an Order of the<br>Board of Immigration Appeals |
|     *v.* | No. A71-575-622 |
| ALBERTO GONZALES,<br>    *Respondent*. | |

**O R D E R**

Mohinder Singh, a native and citizen of India who is a member of the Sikh religion, petitions *pro se* for review of the Board of Immigration Appeals' order denying his third motion to reopen. We deny the petition.

In 2001, an Immigration Judge denied Singh's application for asylum, withholding of removal and relief under the Convention Against Torture, finding that Singh lacked credibility. Singh's attorney never filed a brief to the Board, which summarily dismissed his appeal in April 2002.

---

[*] After an examination of the briefs and the record, we have concluded that oral argument is unnecessary. Thus, the appeal is submitted on the briefs and the record. *See* Fed. R. App. P. 34(a)(2).

For the past three years, Singh has made several unsuccessful attempts to reopen his proceedings based on changed circumstances in India—namely that Sikhs in India are tortured and harassed. Singh's first motion filed with the Board claimed that his attorney never received a briefing schedule for his appeal and that changed circumstances in India warranted reopening. The Board construed the motion as a motion to reconsider its summary dismissal and denied the motion because it established no error of law or fact. Shortly thereafter, Singh filed a motion to reopen, reiterating his changed circumstances claim. The Board denied the motion because Singh failed to provide evidence of changed country conditions that would entitle him to relief, and we summarily affirmed. In December 2003, Singh filed a second motion to reopen based on changed circumstances, which the Board denied in February 2004.

In October 2004, Singh filed a third motion to reopen, again based on changed circumstances. He attached affidavits from two village members who asserted that Indian police had inquired into Singh's whereabouts on February 4, 2004. The Board concluded that Singh's motion was barred because it exceeded the numerical limitations for motions to reopen, and the affidavits did not establish changed circumstances sufficient to overcome the number limits. *See* 8 C.F.R. § 1003.2(c)(3)(ii).

In his petition Singh now attacks only the 2001 order of removal, arguing that the IJ erred in basing his adverse credibility determination on minor inconsistencies in his testimony. But we lack jurisdiction to review either the IJ's removal order or the Board's decision of April 2002 affirming that order. Singh's order of removal became final when the Board issued its decision in April 2002; he did not file a petition for review of this order within the statutory 30-day time period. *See* 8 U.S.C. § 1252(b)(1); *Sankarapillai v. Ashcroft*, 330 F.3d 1004, 1005-06 (7th Cir. 2003) (compliance with 30-day deadline is "strict jurisdictional requirement").

Although we do have jurisdiction to review the Board's December 2004 denial of Singh's third motion to reopen, Singh's petition—as the government observes—is expressly limited to challenging the merits of the underlying removal order. He has therefore waived any arguments regarding the denial of his third motion to reopen. *See Dawoud v. Gonzales*, ___ F.3d___, 2005 WL 2271907, at *2 (7th Cir. Sept. 19, 2005).

The petition for review is DENIED.