United States Court of Appeals
Fifth Circuit

**F I L E D**

**December 5, 2005**

Charles R. Fulbruge III
Clerk

IN THE UNITED STATES COURT OF APPEALS
FOR THE FIFTH CIRCUIT

No. 05-60113
Summary Calendar

JEFFREY EMMY PRIYANTO NUGROHO,

Petitioner,

versus

ALBERTO R. GONZALES, Attorney General,

Respondent.

--------------------
Petition for Review of an Order of the
Board of Immigration Appeals
--------------------

Before JOLLY, DAVIS and OWEN, Circuit Judges.

PER CURIAM:[*]

Petitioner, Jeffrey Emmy Priyanto Nugroho, seeks review of the Board of Immigration Appeals' decisions of January 31, 2005 and November 9, 2004, affirming the Immigration Judge's order of September 17, 2003, for removal to Indonesia and denying his motion to reconsider or reopen its November 9, 2004 order.

I.

Nugroho is a native and citizen of Indonesia who entered the United States in December 2002 as a non-immigrant, with authorization to remain until January 2003. Nugroho remained in

---

[*]Pursuant to 5ᵀᴴ CIR. R. 47.5, the Court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5ᵀᴴ CIR. R. 47.5.4.

the United States beyond that date without authorization. After the Immigration and Naturalization Service served Nugroho with a Notice to Appear, Nugroho sought relief from removal in the form of asylum, withholding of removal and protection under the Convention Against Torture. A hearing was held in September 2003 during which Nugroho testified that he suffered persecution in Indonesia because of his Chinese ethnicity and Christian religion.

The Immigration Judge denied all of Nugroho's claims on several bases. First, he found that Nugroho's testimony was not credible based on information that his testimony was prepared by his immigration consultant. Second, even if his testimony was credited, the Immigration Judge found that Nugroho "failed to present facts that rose to the level of persecution as defined under the INA." The court also noted Nugroho's failure to call two available witnesses who could have supported his claims.

Nugroho appealed to the Board of Immigration Appeals. Nugroho claimed that the Immigration Judge erred in finding that his testimony was fraudulent or untrue and in finding that he had not met his burden of proof for asylum. On November 9, 2004, the BIA affirmed the Immigration Judge's decision without opinion.

On November 23, 2004, Nugroho filed a motion to reopen and reconsider with the Board. Nugroho argued that the Board erred in failing to review his case by a panel of three judges. He

again challenged the Immigration Judge's decision on his

credibility and proof of persecution.  Nugroho's motion was

denied on January 31, 2005, on the basis that it failed to

present any new information and did not address with specificity

any error of fact or law.  Nugroho filed this petition for review

on February 22, 2005.

## II.

The first issue we must consider is what order Nugroho has

effectively appealed.  As stated in Zhang v. INS, 348 F.3d 289,

292 (1st Cir. 2003),

> Under the IIRIRA, all final BIA orders must be appealed
> to this court within thirty days. 8 U.S.C. 1252(b)(1).
> This need to timely appeal is a strict jurisdictional
> requirement. See Sankarapillai v. Ashcroft, 330 F.3d
> 1004, 1005-06 (7th Cir. 2003) (collecting cases).
> Moreover, this time to appeal asylum orders continues
> to run despite [Petitioner's] motion to reopen and
> reconsider; these motions are appealed separately. See
> Stone v. INS, 514 U.S. 386, 405-06, 131 L. Ed. 2d 465,
> 115 S. Ct. 1537 (1995).

Accordingly, since Nugroho did not timely seek review of the

BIA's November 9, 2004 decision, the order before us is the

Board's January 31, 2005 decision denying his motion to

reconsider and reopen.

A denial of a motion to reopen or a motion to reconsider is

reviewed under a "highly deferential abuse of discretion

standard."  Zhao v. Gonzales, 404 F.3d 295, 303 (5th Cir. 2005).

Under this standard, even a decision we deem in error can be

allowed to stand, "so long as it is not capricious, racially invidious, utterly without foundation in the evidence, or otherwise so irrational that it is arbitrary rather than the result of any perceptible rational approach." Pritchett v. INS, 993 F.2d 80, 83 (5th Cir. 1993).

The BIA's decision on Nugroho's motion easily passes this standard. Nugroho's motion essentially rehashed his challenges to the Immigration Judge's decision, did not establish an error of fact or law, and did not raise any newly discovered facts.

III.

For the foregoing reasons, Nugroho's petition for review is DENIED.