**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued December 6, 2005
Decided December 14, 2005

**Before**

Hon. WILLIAM J. BAUER, *Circuit Judge*

Hon. JOHN L. COFFEY, *Circuit Judge*

Hon. TERENCE T. EVANS, *Circuit Judge*

No. 04-3708

| | |
|---|---|
| CATALIN MIRON,<br>    *Petitioner*,<br><br>       *v.*<br><br>ALBERTO R. GONZALES[*], Attorney General<br>    of the United States<br>    *Respondent*. | Petition for Review of an Order<br>of the Board of Immigration<br>Appeals<br><br><br>No. A73 422 640 |

**ORDER**

Catalin Miron, a native of Romania, appeals from the Board of Immigration Appeals' denial of his second motion to reopen his asylum claim. Since Miron's motion to reopen was not timely filed, we deny the petition.

Miron arrived in the United States in 1994 and two years later applied for asylum and withholding of removal. In June 2002, the BIA issued its final order affirming the immigration judge's denial of asylum and withholding. Miron filed an

---

[*]Pursuant to Federal Rule of Civil Procedure 43(c)(2), we have substituted the current Attorney General of the United States, Alberto R. Gonzales, for his predecessor as the named respondent.

initial motion to reopen with the BIA in September 2002 based on changed country conditions in Romania. The BIA denied this motion in January 2003, and in 2004 Miron filed a second motion to reopen. In this motion, Miron argued that he had a pending application for an employment-based immigrant visa and should be given an opportunity to pursue this application before being removed. Miron also argued that his U.S.–citizen children would suffer hardship if he was removed, particularly his daughter Lorena, who has been suffering from separation anxiety since his detention. The BIA denied this second motion as untimely because it was filed more than 90 days after the BIA's final order affirming the IJ's denial of asylum. Miron now appeals the denial of this second motion to reopen.

Miron concedes that his second motion to reopen was not timely filed.[1] Miron's principal argument on appeal is that the BIA should have granted his untimely motion because of his pending visa application and the hardship his removal would cause to his children. This argument is difficult to parse, but he appears to argue that the BIA abused its discretion by failing to reopen his proceedings sua sponte. Although the BIA may reopen sua sponte at any time, 8 C.F.R. § 1003.2(a), the BIA's decision not to reopen is discretionary, and we may not review it. *Pilch v. Ashcroft*, 353 F.3d 585, 586 (7th Cir. 2003); *Calle-Vujiles v. Ashcroft*, 320 F.3d 472, 474–75 (3d Cir. 2003).

Miron also appears to make an undeveloped argument that the 90-day time limit should be equitably tolled. The test for equitable tolling is "whether the claimant could reasonably have been expected to have filed earlier," *Pervaiz*, 405 F.3d at 490, but Miron does not explain why the equitable factors he mentions could not have been presented to the BIA within the time limit. Instead, he seems to think that the mere existence of equities in his favor means the Board should excuse the lateness of his motion. Since this is not the legal standard for equitable tolling, Miron's argument fails.

Miron next argues that the Department of Homeland Security should have joined in his motion to reopen; this would have resulted in the waiver of the time limitation. 8 C.F.R. § 1003.2(c)(3)(iii). Miron asserts that DHS improperly refused to join in his motion without addressing any of the factors that it is supposed to

---

[1]It should be noted that administrative time limits on motions to reopen are not jurisdictional. *See Ajose v. Gonzales*, 408 F.3d 393, 394–95 (7th Cir. 2005); *Pervaiz v. Gonzales*, 405 F.3d 488, 490 (7th Cir. 2005). Further, although Miron's motion to reopen violates the numeric limits on motions to reopen, since an alien generally may file only one such motion, 8 C.F.R. § 1003.2(c)(2), numerical limits on motions to reopen are also not jurisdictional, *Joshi v. Ashcroft*, 389 F.3d 732, 734 (7th Cir. 2004). Therefore, the BIA could have reached the merits of Miron's motion despite its lateness and its exceeding the number limitation.

consider when deciding whether to join in a motion to reopen, as reflected in a memorandum prepared by the INS General Counsel. However, this memorandum never says the INS *must* join in motions to reopen under certain circumstances; the letter says merely that it does not "create any right . . . enforceable at law by any individual . . . in removal proceedings . . . ." Memorandum from Bo Cooper, INS General Counsel, to INS Regional Counsels on Motions to Reopen for Consideration of Adjustment of Status 3 (May 17, 2001).

Finally, Miron argues that the IJ erred in denying his application for asylum and withholding of removal and that the BIA erred in failing to consider changed country conditions in Romania. We have no jurisdiction to review these issues, however, because Miron did not timely petition for review of either the BIA's June 2002 order affirming the IJ's denial of asylum and withholding or the BIA's January 2003 order denying his first motion to reopen. Miron's petition for review was not filed with this court until 2004–long after the 30-day deadline for filing a petition for review of these orders had passed. *Sankarapillai v. Ashcroft*, 330 F.3d 1004, 1006 (7th Cir. 2003) (per curiam).

To the extent Miron is seeking review of the denial of his second motion to reopen, the petition for review is DENIED. To the extent he is seeking review of the denial of his first motion to reopen and his underlying asylum claim, the petition is DISMISSED for lack of jurisdiction. We also DENY the government's motion for summary affirmance.