**UNPUBLISHED ORDER**
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois 60604**

Argued August 8, 2006
Decided September 13, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

Nos. 05-3006 & 05-4350

| | | |
|---|---|---|
| SAEED ALI, | | Petitions for Review of an Order of the |
| | *Petitioner,* | Board of Immigration Appeals |
| v. | | A76 773 855 |
| ALBERTO GONZALES, Attorney General of the United States, | | |
| | *Respondent.* | |

**O R D E R**

Saeed Ali's two petitions for review are premised on his contention that he is "grandfathered" under section 245(i) of the Immigration and Nationality Act, and that the Immigration Judge and Board of Immigration Appeals abused their discretion by denying him a continuance to pursue a pending labor certification and adjustment of status (and for refusing to reopen his case when the certification was approved). The IJ ruled that Ali was not grandfathered—a ruling that Ali simply ignores. Since Ali premises all of his arguments on an assumption that he is grandfathered, we deny his petitions.

Ali came to the United States in late 1998 and overstayed his visa, so the Immigration and Naturalization Service (now Department of Homeland Security)

sought to remove him. The protracted proceedings began with a hearing in April 2003 that was continued twice so that Ali could obtain a lawyer.

At the next hearing in October 2003, Ali asked for a continuance because he was awaiting approval of an application for a labor certification filed on his behalf by Dunkin Donuts in August 2003. Ali claimed that he was entitled to wait for the approval of that labor certification application because he was a grandfathered alien under section 245(i) of the INA. A grandfathered alien is permitted to apply for adjustment of status whenever a visa becomes available to him. *See* 8 U.S.C. § 1255(a)(3), (i)(2)(B). To be grandfathered, an alien must be the "beneficiary" of a visa petition or labor certification application filed before April 30, 2001. *See* 8 U.S.C. § 1255(i). Ali claimed that he was grandfathered because a company called Broadway Grocery & Video had failed a labor certification application for him on April 27, 2001. And since he was grandfathered, Ali continued, he would be eligible to adjust his status once the visa on the second employment application came through.

The IJ declined to consider granting the continuance until Ali presented evidence that an application for a labor certification had been filed on his behalf before April 30, 2001—the last date for filing of an application to secure grandfathered status under section 245(i), *see* 8 U.S.C. § 1255(i)(1)(B)—and therefore the IJ scheduled a new hearing. In the meantime, Ali filed evidence including Broadway Grocery's tax returns, city license, articles of incorporation, and the application for labor certification itself.

The IJ held a hearing and decided that the prior application was not "approvable when filed," a prerequisite to grandfather status under section 245(i), *see* 8 U.S.C. § 1255(i)(1); 8 C.F.R. §§ 245.10(a)(1)(i)(B), 1245.10(a)(1)(i)(B). The IJ explained that while the application was for the position of store manager, it was clear from the application itself that Ali was unqualified for that job. Although the application required Ali to "list any . . . jobs related to the occupation for which the alien is seeking certification," the IJ explained that Ali's only listed experience was as a cab driver for less than a year and a half and cashier for a few months, and the application showed that Ali did not have even the minimum required number of years' experience for the job. Consequently, the IJ decided that Ali was not grandfathered under section 245(i) and refused a continuance to pursue the pending application for labor certification filed by Dunkin Donuts, noting that he did not believe that there was ever a real job offer from Broadway Grocery.

Although the IJ refused Ali a continuance to allow him to pursue adjustment of status, the IJ did grant him a continuance to apply for asylum and withholding of removal. Ali prepared an asylum application and returned for yet another hearing but, at that hearing, obtained still another continuance so a newly hired substitute

lawyer could prepare for an asylum hearing. In granting this last of Ali's continuances, the IJ warned against frivolous filings and "stalling" tactics. When Ali returned for his final hearing, he declined to pursue asylum or withholding of removal.

Noting that Ali had conceded removability, the IJ entered an order granting voluntary departure and reaffirming his refusal of a continuance to await action on the Dunkin Donuts application. "After review of the record," the IJ decided, "I find that an indefinite continuance of the respondent's case to await the adjustment of a pending labor certification that may or may not make him eligible to adjust status is not reasonable." The IJ added that "the respondent's second labor certification has been pending for a period of years and is not approved."

Ali appealed to the BIA, arguing that the IJ should have granted a continuance because the Dunkin Donuts application for a labor certification was meritorious, and in fact had since been approved, but he failed to challenge or even acknowledge the IJ's ruling that he is not grandfathered under section 245(i). The BIA affirmed and adopted the IJ's opinion, adding that the IJ had a duty to expedite proceedings, that Ali already had obtained several continuances, and that another continuance was inappropriate under BIA precedent because he was not eligible for relief and the DHS opposed a stay.

Then in September 2005 Ali filed a motion to reopen, resubmitting the very same evidence of his approved Dunkin Donuts application that he had already submitted with his appellate brief to the BIA. Focusing only on that application, he once again failed to challenge or mention the IJ's conclusion that he was not grandfathered. Declining to reopen, the BIA explained that he was not prima facie eligible for adjustment of status without the visa.

Ali timely petitioned for review of both of these orders, and the petitions are now consolidated.

In his petition for review, Ali argues that the IJ and BIA abused their discretion by refusing to continue his case so he could pursue a visa on the basis of the application for a labor certification filed by Dunkin Donuts, and that the BIA abused its discretion by refusing to reopen the case. Although his petition is difficult to parse, he appears to contend that *Subhan v. Ashcroft*, 383 F.3d 591 (7th Cir. 2004), requires the agency to grant a continuance and a motion to reopen to any grandfathered alien who is pursuing a pending labor certification.

Ali, however, misunderstands *Subhan*. That case does not require an IJ to grant a continuance whenever an alien grandfathered under section 245(i) is pursuing a visa that may ultimately allow adjustment of status. Instead, *Subhan*

holds that the agency may deny a continuance so long as it provides a reason consistent with the statute—like the alien's foot-dragging, criminal activity, or lack of merit to his application. *Id.* at 593-94; *see Pede v. Gonzales*, 442 F.3d 570, 571 (7th Cir. 2006). Here, the IJ noted Ali's footdragging by discussing several continuances he had already received, including the continuance for the unpursued asylum application. In short, the BIA appeared to believe that this was an alien who was dragging out removal proceedings. *See Subhan*, 383 F.3d at 593-94.

Foot-dragging aside, the IJ's explanation that Ali was not grandfathered in the first place is another distinction between this case and *Subhan*. To be grandfathered under section 245(i) of the INA, an immigrant must be the beneficiary of an application for labor certification or a visa petition properly filed by April 30, 2001, and approvable when filed. *See* 8 U.S.C. § 1255(i)(1); 8 C.F.R. § 245.10(a)(1)(i)(B); 8 C.F.R. § 1245.10(a)(1)(i)(B). The term "approvable when filed" means that the application was "properly filed, meritorious in fact, and non-frivolous." *See* 8 C.F.R. § 245.10(a)(1)(i)(B), (a)(3); 8 C.F.R. § 1245.10(a)(1)(i)(B), (a)(3); *Lasprilla v. Ashcroft*, 365 F.3d 98, 100-01 (1st Cir. 2004). Since the IJ decided that Ali's application on its face showed that he was not minimally qualified for the job, he ruled that the application was not meritorious in fact and non-frivolous.

Ali did not argue to the BIA that the IJ erred in ruling that he was not grandfathered, and his failure to raise this argument strips this court of jurisdiction to review it. *See* 8 U.S.C. § 1252(d)(1); *Margos v. Gonzales*, 443 F.3d 593, 598-99 (7th Cir. 2006) (holding that where asylum applicant argued that she had a well-founded fear of persecution as an Assyrian Christian Iraq but asserted the claim to the BIA in only general terms, she was jurisdictionally barred from raising that claim in petition for review). Indeed, Ali did not even acknowledge the IJ's ruling that he was not grandfathered, and so it may have seemed to the BIA that he had abandoned any challenge. The oblique statement at the end of his brief to the BIA that the INS does not "give priority to deportation proceedings when an alien is the beneficiary of a grandfathered labor certification" is difficult to understand without elaboration, and such vagaries are not enough to exhaust an argument anyway. *See Margos*, 443 F.3d at 598-99.

In any event, Ali's failure in his petition to this court to mention the IJ's ruling that he was not grandfathered effectively waived any argument that that ruling was wrong. *See Jun Ying Wang v. Gonzales*, 445 F.3d 993, 999 (7th Cir. 2006). We therefore **DENY** Ali's petition for review of his appeal from the BIA.

Finally, Ali's motion to reopen warrants almost no discussion at all. As with his other petition, he ignores the government's ruling that he was not grandfathered in the first place. He simply submitted to the BIA the same evidence

he submitted to the IJ: the (now-approved) labor certification application by Dunkin Donuts.  But without a challenge to the IJ's ruling that he was never grandfathered, we see no basis to allow him to reopen the proceedings.  Accordingly, we **DENY** the petition for review of the denial of his motion to reopen.