UNPUBLISHED ORDER
Not to be cited per Circuit Rule 53

# United States Court of Appeals

**For the Seventh Circuit**
**Chicago, Illinois  60604**

Argued August 8, 2006
Decided September 26, 2006

**Before**

Hon. DANIEL A. MANION, *Circuit Judge*

Hon. ILANA DIAMOND ROVNER, *Circuit Judge*

Hon. DIANE S. SYKES, *Circuit Judge*

No. 05-3786

| | |
|---|---|
| JAYESH K. SHAH, | Petition for Review of an Order of the |
| *Petitioner*, | Board of Immigration Appeals |
| *v.* | No. A34-998-533 |
| ALBERTO R. GONZALES, | |
| *Respondent*. | |

**ORDER**

Jayesh Shah petitions for review of an order of the Board of Immigration Appeals ("BIA") denying his motion to reconsider a final order denying a discretionary waiver of inadmissability under 8 U.S.C. § 212(c).  He primarily challenges, on constitutional grounds, the BIA's holding that he was statutorily ineligible for relief under § 212(c).  But we need not reach the constitutional issue Shah raises because the BIA also upheld the immigration judge's decision that Shah did not merit a favorable exercise of discretion under § 212(c).  In addition, Shah failed to exhaust his administrative remedies with respect to his second argument: that he was denied due process because he was not provided with transcripts of the proceedings in the immigration court.  Accordingly, we deny the petition for review.

# I.

Shah, a native of India, was admitted to the United States in June 1977 and became a lawful permanent resident. In December 1990, he pleaded guilty in the Circuit Court of Cook County, Illinois, to one count of aggravated criminal sexual abuse for having sexual contact with a minor under the age of fourteen, in violation of 38 Ill. Rev. Stats. § 12-16(c)(1). He was sentenced to four years' probation and a fine. At the time Shah pleaded guilty, the conviction did not render him excludable or deportable under then-applicable immigration law. Shah successfully completed his probation, and in 2001, after ten years without another offense, was relieved of his obligation under Illinois law to register as a sex offender. He had no further criminal convictions.

As part of the Illegal Immigration Reform and Immigrant Responsibility Act ("IIRIRA"), enacted in 1996, the term "aggravated felony" was broadened to encompass more offenses, including Shah's. *See* 8 U.S.C. § 1101(a)(43)(A) (defining "aggravated felony" to include "sexual abuse of a minor"). As a result, in August 2000 (nearly a decade after his conviction), the Immigration and Naturalization Service ("INS") served Shah with a Notice to Appear, charging him with removability under 8 U.S.C. § 1227(a)(2)(A)(iii) for having committed an aggravated felony after admission into the United States.

Shah appeared before an immigration judge ("IJ") and conceded removability. He applied for a discretionary waiver of removal under § 212 of the Immigration and Nationality Act ("INA"), as a lawful permanent resident who had maintained an unrelinquished domicile in the United States for at least seven years. *See* 8 U.S.C. 1182(c). Although § 212(c) had also been repealed by IIRIRA and replaced with a narrower discretionary provision for cancellation of removal that excludes from eligibility anyone with a conviction for an aggravated felony, *see* 8 U.S.C. § 1229b, Shah remained eligible for relief under the original provision. The Supreme Court held that the repeal of § 212(c) cannot be applied retroactively to aliens such as Shah whose convictions were obtained by guilty plea prior to IIRIRA's effective date and who would have been eligible for the relief at the time of their plea. *INS v. St. Cyr*, 533 U.S. 289 (2001).

At a hearing in November 2004, Shah presented testimony and evidence in support of his application. He submitted evidence of consistent employment since his arrival in the United States and a letter from his current employer describing him as "essential to our operations." Also submitted were letters from members of various civic and cultural organizations describing his involvement and his good character. The content of Shah's testimony is unknown because there is no transcript in the record. The immigration judge denied Shah's application in an

oral ruling, though the absence of any transcript in the record means that the basis for his decision is also unknown.

Instead of immediately appealing to the BIA, Shah filed a motion for reconsideration. He argued that the government attorney's cross-examination, which probed into the details underlying his conviction, amounted to an impermissible "reopening" of his criminal case that was unfairly prejudicial. Shah further contended that the IJ did not consider the mitigating evidence he had submitted. In his motion Shah also reported that he had requested a transcript of the IJ's oral decision, but had not received one because transcripts are prepared only for appeals, and he asserted that the available recording was of poor quality.

The IJ denied Shah's motion for reconsideration. In a written decision, the IJ acknowledged Shah's eligibility for a § 212(c) waiver, but concluded that the evidence Shah provided "failed to establish that discretion be exercised in his favor." The IJ explained that he had "balanced the equities in favor of respondent against the repulsive crime which he committed." Shah's motion, moreover, "fails to raise any errors in fact" and "fails to persuasively identify any errors in the application of the appropriate standard by which to measure respondent's waiver request."

Shah appealed to the BIA. Again, Shah requested a transcript of the IJ's decision, but he received a notice informing him that transcripts are not prepared for appeals from decisions "denying motion to reopen."[1] Shah was informed that he could listen to the tapes of the hearing or "address the need for a transcript" in his appeal. In his brief to the BIA, Shah argued that the absence of a transcript amounted to a denial of due process because he could not effectively develop his arguments about the IJ's errors. He also reiterated his arguments that on cross-examination the government went beyond the scope of proving his conviction and that, by failing to consider the mitigating evidence, the IJ improperly balanced the equities in concluding that he did not merit a favorable exercise of discretion. In its response brief, the government argued that Shah was no longer eligible for § 212(c) relief in light of the BIA's recision decision in *In Re Blake*, 23 I. & N. Dec. 722 (BIA

---

[1]Shah states in his brief that his appeal to the BIA challenged not just the IJ's decision denying the motion for reconsideration but also the initial decision denying him relief under § 212(c). And in the two-page summary attached to the notice of appeal to the BIA stating the reasons for the appeal, Shah clearly targets both decisions. But on the cover sheet of the notice of appeal, in the section entitled "What decision are you appealing?" the only box that is checked is the one next to the statement "I am filing an appeal from the Immigration Judge's decision *denying a motion to reopen or reconsider* dated January 31, 2005."

2005). In that case, the BIA held that an alien who was removable on the basis of a conviction for a particular aggravated felony that was not also a ground of inadmissibility under § 212(a) was not eligible for a waiver of inadmissability under § 212(c). Shah was convicted of an aggravated felony that is a basis for removal but not for inadmissability—in fact, the same felony that the alien in *Blake* committed—and the government argued that Shah was similarly barred from relief under § 212(c).

In a written decision issued on June 29, 2005, the BIA dismissed Shah's appeal. First, the BIA upheld the IJ's decision to "deny a waiver on a discretionary basis." The BIA further noted that Shah's motion to reconsider in the immigration court "did not allege any error in the Immigration Judge's decision." In addition, the BIA concluded that in light of *Blake*, Shah was no longer eligible for a waiver under § 212(c).

Shah then filed a motion to reconsider with the BIA. He disputed the BIA's statement that he had not alleged error in his motion requesting that the IJ reconsider his ruling. Though he requested that the BIA "reconsider its decision reviewing the errors alleged in the 'Motion for Reconsideration' and respondent's 'Appeal Brief,'" his brief did not mention the issues he had raised on appeal to the BIA, namely, the IJ's discretionary determination or the absence of transcripts in the record. The only issue he discussed was the BIA's conclusion that he was not eligible for a waiver. Shah argued that *Blake* was inconsistent with the Supreme Court's decision in *St. Cyr*, in which the Court had reasoned that an alien could not be stripped of rights he had relied upon at the time of his guilty plea. *See St. Cyr*, 533 U.S. at 321-24 (holding that repeal of § 212(c) would not be given retroactive effect in part because it eliminated any possibility of § 212(c) relief for people who had entered into plea agreements with the expectation that they would be eligible for such relief). The BIA denied Shah's motion, explaining that its "previous decision in these proceedings was correct." The BIA also restated that under *Blake*, "because the aggravated felony ground of removal in this case, i.e., 'sexual abuse of a minor' . . . has no statutory counterpart in the grounds of inadmissibility under section 212(a) of the Act, the respondent is not statutorily eligible to apply for a section 212(c) waiver."

Shah then petitioned for review in this court, purporting to challenge both the BIA's decision upholding the IJ's denial of relief under § 212(c) ("the June 29 decision") and its decision denying his motion to reconsider. The government moved to dismiss the appeal as untimely. Indeed, Shah did not file a notice of appeal from the BIA's June 29 decision within the required thirty days, depriving this court of jurisdiction to review that decision. *See* 8 U.S.C. § 1252(b)(1); *Sankarapillai v. Ashcroft*, 330 F.3d 1004, 1006 (7th Cir. 2003) (holding that thirty-day statutory period for filing appeals from final orders of BIA is jurisdictional requirement).

However, the notice of appeal is timely with respect to the BIA's decision denying the motion to reconsider, and after hearing from the parties, we entered an order noting that "the petitioner is asking only that this court review the BIA's order of August 25, 2005."

## II.

Shah first challenges the denial of his motion to reconsider on the ground that the statutory interpretation that the BIA announced in *Blake*, and its retroactive application in his case, is unconstitutional. He contends that the BIA's interpretation of the statute arbitrarily creates two classes of aliens and has the bizarre result of "punishing" aliens like him whose offenses are too minor to be grounds for inadmissibility while reserving greater rights for aliens whose offenses are more severe. The government has not responded to the argument, however, instead urging us to dismiss Shah's petition for lack of jurisdiction because the BIA also affirmed the IJ's decision that Shah did not merit a favorable exercise of discretion under § 212(c), and that decision is not reviewable.

The government's argument that we lack jurisdiction to review the BIA's decision denying Shah's motion for reconsideration is flawed. The government cites 8 U.S.C. § 1252(a)(2)(B)(ii), which strips reviewing courts of jurisdiction to review any decision, other than those granting or denying asylum, that is within the discretion of the Attorney General. But Shah is not seeking only a review of a discretionary decision: the BIA also denied the motion to reconsider on the ground that Shah was not eligible for § 212(c) relief under *Blake*, rejecting Shah's argument that *Blake* was wrongly decided and unconstitutional. A determination that an alien is not *eligible* for discretionary relief is different than the decision that he is not *entitled* to such relief. *See Velez-Lotero v. Achim*, 414 F.3d 776, 780 (7th Cir. 2005). The BIA's decision was a purely legal conclusion that Shah no longer qualified for the relief he sought. He now argues that the decision violates his constitutional rights to due process and equal protection, and we have jurisdiction to review "constitutional questions and questions of law." REAL ID Act of 2005, Pub. L. No. 109-13, 119 Stat. 231, § 106(a)(1)(iii); *see Quezada-Luna v. Gonzales*, 439 F.3d 403, 405 (7th Cir. 2006).

Nevertheless, we decline to address Shah's argument that the BIA's decision rendering him ineligible for a waiver of inadmissibility is unconstitutional because the petition must still be denied on the ground that he never challenged the BIA's alternate basis for denying relief, and he is now barred from doing so. "Non-constitutional arguments always come first; constitutional contentions must be set aside until their resolution is unavoidable." *Rehman v. Gonzales*, 441 F.3d 506, 508 (7th Cir. 2006); *Ameritech Corp. v. McCann*, 403 F.3d 908, 911 (7th Cir. 2005) ("federal courts are supposed to explore all non-constitutional grounds of decision

first"). In its June 29 decision the BIA upheld the IJ's conclusion that Shah did not merit a favorable exercise of discretion under § 212(c); in other words, that he was not entitled to relief even if eligible. Though he stated at oral argument that he asked the BIA to reconsider a number of issues, we read his brief to the BIA as challenging *Blake*. Shah did not challenge the portion of the BIA's decision upholding the discretionary determination in his motion to reconsider and does not challenge it in this court (nor could he, given the limited scope of the appeal). That decision is now "unassailable." *See Rehman*, 441 F.3d at 508. As a result, even if we were to address Shah's argument that the BIA's decision in *Blake* is unconstitutional, a favorable decision would not help him because it would simply reinstate his eligibility for relief under § 212(c). But an IJ already decided that he did not warrant such relief and the BIA affirmed this decision. We do not think Shah effectively challenged the discretionary decision in his motion to reconsider, but even if he had challenged it at every level, we still would have lacked jurisdiction to address the issue on appeal. 8 U.S.C. § 1252(a)(2)(B)(ii); *see Tunis v. Gonzales*, 447 F.3d 547, 549 (7th Cir. 2006).

Shah also argues that he was denied due process because he was never provided with a transcript of the proceedings before the IJ. We do not have jurisdiction to address this argument because, by not raising it in his motion to reconsider, Shah failed to exhaust his administrative remedies. *See Awad v. Ashcroft*, 328 F.3d 336, 340 (7th Cir. 2003) (holding that exhaustion requirement is jurisdictional and declining to address argument alien did not raise in motion to reconsider). On appeal to the BIA, Shah argued that the denial of access to transcripts amounted to a denial of due process and requested the opportunity to alter or amend his brief if the BIA ordered preparation of a transcript. The BIA's decision dismissing Shah's appeal does not address the adequacy of the record or resolve Shah's due process challenge. Nevertheless—despite his contrary representation at oral argument—in his motion to reconsider, Shah did not raise the issue; he attacked the portion of the BIA's decision addressing his eligibility for a discretionary waiver of inadmissability in light of *Blake*. He thereby failed to exhaust his administrative remedies and deprived this court of jurisdiction to consider his argument that he was denied due process.

## III.

The BIA's June 29 decision provided two separate reasons for upholding the IJ's decision to deny § 212(c) relief: first, that Shah was not entitled to such relief; and, second, that he was no longer eligible for it in any case. The discretionary portion of the BIA's decision is now unreviewable, and provides a basis for deciding this appeal without addressing Shah's constitutional challenge to the BIA's holding in *Blake*. Further, Shah's failure to exhaust his administrative remedies with

respect to his due-process argument deprives this court of jurisdiction to address it. The petition for review is DENIED.