PUBLISH

**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JAN 29 2003**

**PATRICK FISHER**
**Clerk**

## UNITED STATES COURT OF APPEALS

## TENTH CIRCUIT

GALINA IVANOVNA
NAHATCHEVSKA,

Petitioner,

v.

JOHN ASHCROFT, Attorney General
for the United States,

Respondent.

No. 02-9593

### PETITION FOR REVIEW OF A
### DECISION OF THE BOARD OF IMMIGRATION APPEALS
**(No. A74-887-040)**

Submitted by:

Jeff Joseph, Esq., Denver, Colorado, for Petitioner.

Robert D. McCallum, Jr., Assistant Attorney General, Civil Division, Emily Anne
Radford, Assistant Director, Aviva L. Poczter, Attorney, Office of Immigration
Litigation, Civil Division, U.S. Department of Justice, Washington D.C., for
Respondent.

Before **SEYMOUR** , Circuit Judge, **BRORBY** , Senior Circuit Judge, and
**LUCERO** , Circuit Judge.

PER CURIAM.

Petitioner Galina Nahatchevska moves this court for a stay of removal pending disposition of this court's review of the Board of Immigration Appeals' denial of her motion to reopen its final order of deportation. [1] Respondent objects to the granting of a stay and urges dismissal of the underlying petition for review as untimely filed. Upon consideration, we dismiss the petition for review for lack of jurisdiction and deny the petition for stay as moot.

The Immigration and Nationality Act requires a petition for review of a final order of removal to "be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The final order of removal was entered November 15, 2002, thus a petition for review was required to be filed by December 16, 2002. Petitioner filed her petition for review on December 18, 2002.

Petitioner admits that her petition for review was not filed within the thirty-day time period but argues that the petition was nevertheless timely filed because of the three-day addition to the computation of time provided by Federal Rule of Appellate Procedure 26(c). We conclude that Rule 26(c) does not apply

---

[1] After examining the petition for review and related materials, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

to extend the thirty-day time period computation under § 1252(b)(1).  By its terms, Rule 26(c) applies only "[w]hen a party is required or permitted to act within a prescribed period after a paper *is served* on that party."  Fed. R. App. P. 26(c) (emphasis added).  Section 1252(b)(1) requires the filing of a petition for review within thirty days "after the date of the final order of removal," not thirty days after *service* of that order upon the parties.  Analogous and similar precedent rejects the notion that Rule 26(c) is applicable in these circumstances.  *Cf. Savage v. Cache Valley Dairy Ass'n*, 737 F.2d 887, 888 (10th Cir. 1984) (holding that Rule 26(c) is not applicable to requirement that cross-appeal must be filed within fourteen days from date first notice of appeal is filed); *Haroutunian v. INS*, 87 F.3d 374, 377 (9th Cir. 1996) (holding that Rule 26(c) does not apply to filing of petitions for review under former immigration statute).

We conclude that the petition for review must be dismissed for failure to timely invoke this court's jurisdiction.  The filing of a timely petition for review is "mandatory and jurisdictional" and is "not subject to equitable tolling." *Stone v. INS*, 514 U.S. 386, 405 (1995).  Nor does this case present "unique circumstances" sufficient to excuse petitioner's untimeliness.  *See Thompson v. INS*, 375 U.S. 384, 387 (1964); *Osterneck v. Ernst & Whitney*, 489 U.S. 169, 179 (1989) (noting that "*Thompson* applies only where a party has performed an act which, if properly done, would postpone the deadline for filing his appeal and has

-3-

received specific assurance by a judicial officer that this act has been properly done").

We DISMISS the petition for review for lack of jurisdiction and DENY the petition for stay of removal as moot.