**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**January 9, 2006**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

XIUMEI WEI,

      Petitioner,

  v.

ALBERTO R. GONZALES, Attorney
General,

      Respondent.

No. 05-9546
(A96-281-393)
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **BRISCOE**, **McCONNELL**, and **TYMKOVICH**, Circuit Judges.

---

After examining the briefs and appellate record, this panel has determined

unanimously to grant the parties' request for a decision on the briefs without oral

argument. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is

therefore ordered submitted without oral argument.

---

[*]    This order and judgment is not binding precedent, except under the
doctrines of law of the case, res judicata, and collateral estoppel. The court
generally disfavors the citation of orders and judgments; nevertheless, an order
and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Xiumei Wei petitions for review of an order of the Board of Immigration Appeals (BIA) affirming the immigration judge's (IJ) decision denying her request for asylum, withholding of removal and Convention Against Torture relief. Petitioner also filed a motion asking us to exercise jurisdiction over her petition even though it was not filed in this court within thirty days after the BIA's order as required by 8 U.S.C. § 1252(b)(1) and Fed. R. App. P. 15(a)(1). We dismiss the petition for lack of jurisdiction and deny the motion for this court to exercise jurisdiction.

## Background

Petitioner's appeal of the IJ's decision was dismissed by the BIA on December 13, 2004. On January 6, 2005, petitioner mistakenly filed her petition for review in the Fifth Circuit. On April 25, the Government filed a Motion to Dismiss, arguing that venue was not proper in the Fifth Circuit because the removal proceedings took place in Oklahoma City, Oklahoma. The Government noted that there was some confusion over venue because the IJ was from Houston, but traveled to Oklahoma City; counsel for the Government was from the Dallas District; and the BIA order incorrectly listed Dallas as the hearing city. The Government also informed the court that it could transfer the petition for review to the Tenth Circuit pursuant to 28 U.S.C. § 1631. Petitioner did not file a

response to the Government's motion to dismiss. On May 24, the Fifth Circuit granted the Government's motion and dismissed the petition for review.

On June 10, petitioner filed with this court a petition for review, and a "Motion for this Court to Exercise Jurisdiction." On June 17, petitioner filed a motion for stay of removal. On July 15, in light of the uncertainty about our jurisdiction, we entered an order granting a temporary stay for the purpose of allowing petitioner the opportunity to file a motion in the Fifth Circuit to reconsider its order of dismissal and instead to transfer the case to this court. Petitioner did file a motion to reconsider with the Fifth Circuit, but it was denied on October 21.

Analysis

Under 8 U.S.C. § 1252(b)(1), "[t]he petition for review must be filed not later than 30 days after the date of the final order of removal." In this case, the final order of removal is the BIA's decision affirming the IJ's decision on December 13, 2004. The petition for review was not filed in this court until June 10, 2005.

Petitioner argues that this court can consider her petition for review as "constructively filed" within the appropriate deadline under the "theory of official misleading." Jurisdictional Memo. at 5. She claims she was misled because the

BIA's order incorrectly listed "Dallas" as the hearing city. The statute states, however, that "[t]he petition for review shall be filed with the court of appeals for the judicial circuit in which the immigration judge completed the proceedings." 8 U.S.C. § 1252(b)(2). In this case, there were two hearings before the IJ; they both took place in Oklahoma City; and petitioner was present for both hearings. Further, we have not recognized the theory of official misleading as an exception to the timely filing requirements in § 1252(b)(1) or Rule 15(a)(1). To support her argument, petitioner cites to a Second Circuit case where that court held that the petitioner's untimely filing with the BIA could be excused for unique or extraordinary circumstances. *See Zhong Guang Sun v. United States Dep't of Justice*, 421 F.3d 105, 111 (2d Cir. 2005). In *Sun*, however, the Second Circuit was reviewing the actions taken by the BIA and determining whether it had abused its discretion in denying as time-barred petitioner's motion to reconsider. *Id.* at 107. Petitioner has not presented any relevant authority for the proposition that an untimely petition for review can be excused because of alleged official misleading. Petitioner's argument is essentially an equitable tolling argument. We have held that "[t]he filing of a timely petition for review is 'mandatory and jurisdictional' and is 'not subject to equitable tolling.'" *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam) (quoting *Stone v. INS*, 514 U.S. 386, 405 (1995)). This argument fails.

-4-

Petitioner next argues that this court can take jurisdiction based on

28 U.S.C. § 1631. That statute states:

> Whenever a civil action is filed in a court as defined in section 610 of this title or an appeal, including a petition for review of administrative action, is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

*Id.* Petitioner asserts that this court should take jurisdiction because the Fifth

Circuit failed to follow the law and transfer the case pursuant to § 1631. While

this may be true, the statute is clear that only the court that lacks jurisdiction, in

this case the Fifth Circuit, has the authority to transfer the case to the court where

jurisdiction would be proper. Petitioner has not cited to any authority for the

proposition that a circuit court may take jurisdiction over a case when another

circuit court that lacked jurisdiction failed to transfer the case to it. Petitioner's

remedy lies with the United States Supreme Court. She may petition for a writ of

mandamus requesting an order directing the Fifth Circuit to transfer the case to

this court, and she may petition for a writ of certiorari to review the Fifth

Circuit's dismissal.

-5-

Because Petitioner did not timely file her petition for review in this court, we lack jurisdiction. The petition for review is DISMISSED and the motion to exercise jurisdiction is DENIED.

Entered for the Court

Per Curiam