**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**July 11, 2007**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

OTTO F. RIVERA-BOTTZECK,

Petitioner-Appellant,

v.

MARIO ORTIZ, District Director for
Denver Office, Immigration &
Customs Enforcement,

Respondent-Appellee.

No. 06-1432
(D.C. No. 06-CV-1270-ZLW)
(D. Colo.)

**ORDER AND JUDGMENT**[*]

Before **HENRY**, **BALDOCK**, and **MURPHY**, Circuit Judges.

Otto F. Rivera-Bottzeck appeals pro se from the district court's denial of

his motion to transfer his application for a writ of habeas corpus under 28 U.S.C.

§ 2241 (habeas petition or petition) to this court for judicial review pursuant to

8 U.S.C. § 1252. We affirm.

---

[*]  After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is
therefore ordered submitted without oral argument. This order and judgment is
not binding precedent, except under the doctrines of law of the case, res judicata,
and collateral estoppel. It may be cited, however, for its persuasive value
consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

In his habeas petition filed in district court Mr. Rivera-Bottzeck raised constitutional claims related to a final order of removal affirmed by the Board of Immigration Appeals (BIA).  He also filed in this court a timely petition for review of that order, as well as petitions for review of the BIA's denials of his motions to reconsider and to reopen.[1]  The district court *sua sponte* dismissed his habeas petition, without prejudice, for lack of subject matter jurisdiction pursuant to 8 U.S.C. § 1252(a)(5), which provides that "a petition for review filed with an appropriate court of appeals in accordance with this section shall be the sole and exclusive means for judicial review of an order of removal entered or issued under any provision of this chapter."

Mr. Rivera-Bottzeck then filed a motion seeking transfer of the petition to this court (transfer motion), arguing that the district court had the authority to transfer it "on its own volition" under § 1252.  R., Doc. 10 at 2.  He further contended that the district court should facilitate the transfer of his petition to the court of appeals, in light of his *pro se* status, his lack of knowledge of the amendment to § 1252 eliminating the district court's jurisdiction, and his good faith and due diligence in pursing his claims.  The district court construed the transfer motion as a motion to reconsider under Fed. R. Civ. P. 60(b) and denied relief.  It  acknowledged that a provision of the REAL ID Act required that

---

[1]     His petitions for review of the BIA decisions were consolidated in appeal number 06-9509.

habeas petitions pending as of the effective date of the Act (May 11, 2005), be transferred to the appropriate court of appeals and treated as petitions for review. *See* Pub. L. No. 109-13, § 106(c), 119 Stat. 231, 311.[2] But because Mr. Rivera-Bottzeck's habeas petition was filed more than a year after the Act's effective date, the district court held that it was not eligible for transfer under that provision. Consequently, the district court denied the transfer motion, concluding that he failed to demonstrate any extraordinary circumstance justifying a decision to reconsider or vacate the previous order dismissing the action. He appeals from this order. He does not claim any error in the district court's determination that it lacked subject matter jurisdiction to consider his habeas petition. We review the district court's denial of a Rule 60(b) motion for abuse of discretion. *See Zurich N. Am. v. Matrix Serv., Inc.*, 426 F.3d 1281, 1289 (10th Cir. 2005). "Given the lower court's discretion, the district court's ruling is only reviewed to determine

---

[2]     Section 106(c) of the REAL ID Act provides in relevant part:

> If an alien's case, brought under section 2241 of title 28 . . . and challenging a final administrative order of removal . . . is pending in a district court on the date of the enactment of this division, then the district court shall transfer the case . . . to the court of appeals for the circuit in which a petition for review could have been properly filed under [8 U.S.C. § 1252] . . . . The court of appeals shall treat the transferred case as if it had been filed pursuant to a petition for review under [§ 1252], except that subsection (b)(1) of such section [providing that petitions for review must be filed no later than 30 days after the date of the final order of removal] shall not apply.

if a definite, clear or unmistakable error occurred below." *Id.* (quotation omitted).

Mr. Rivera-Bottzeck argues that neither the REAL ID Act nor § 1252 *prohibits* a district court from transferring claims erroneously filed in that court after the enactment date of the Act. We agree that those provisions are silent as to whether a court may transfer claims filed after May 11, 2005. And we have previously held that a district court may transfer a habeas petition seeking review of a final order of removal to an appropriate court pursuant to the federal transfer statute, 28 U.S.C. § 1631. *See Duran-Hernandez v. Ashcroft*, 348 F.3d 1158, 1162 (10th Cir. 2003) (approving district court's transfer of erroneously-filed habeas petition to court of appeals under § 1631 and treating it as petition for review of order of removal). Section 1631 provides in relevant part:

> Whenever a civil action is filed in a court . . . or an appeal . . . is noticed for or filed with such a court and that court finds that there is a want of jurisdiction, the court shall, if it is in the interest of justice, transfer such action or appeal to any other such court in which the action or appeal could have been brought at the time it was filed or noticed, and the action or appeal shall proceed as if it had been filed in or noticed for the court to which it is transferred on the date upon which it was actually filed in or noticed for the court from which it is transferred.

"[W]here the court determines that it lacks jurisdiction and the interests of justice require transfer rather than dismissal, the correct course is to transfer the action pursuant to § 1631." *Trujillo v. Williams*, 465 F.3d 1210, 1223 (10th Cir. 2006). But the district court did not err in failing to transfer Mr. Rivera-Bottzeck's habeas petition under § 1631 because, as a matter of law, it was not transferable

under that section. It expressly permits transfer only to a "court in which the action or appeal could have been brought at the time it was filed." His habeas petition does not satisfy that condition because this court would not have been able to exercise jurisdiction on the date the petition was filed in the district court. *See Berrum-Garcia v. Comfort*, 390 F.3d 1158, 1162-63 & n.5 (10th Cir. 2004) (transferring habeas petition where this condition was met).

A petition for judicial review of a final order of removal must be filed no later than 30 days after the date of the order. 8 U.S.C. § 1252(b)(1). A motion to reopen is also a final, separately appealable order. *Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004). "The filing of a timely petition for review is mandatory and jurisdictional . . . ." *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (quotation omitted). We take judicial notice, based upon the administrative record in appeal number 06-9509, that the latest order issued by the BIA that was subject to judicial review was its denial of Mr. Rivera-Bottzeck's motion to reopen, dated May 10, 2006. Admin. R. at 41 (06-9509). *See Van Woudenberg ex rel. Foor v. Gibson*, 211 F.3d 560, 568 (10th Cir. 2000) (observing that "the court is permitted to take judicial notice of its own files and records"), *abrogated on other grounds by McGregor v. Gibson*, 248 F.3d 946 (10th Cir. 2001). He did not file his habeas petition until June 23, 2006, more than 30 days after the BIA's final, appealable order in the removal proceedings. R., Doc. 3 at 1. Thus, a petition for review would have been time-barred if filed

in this court on the date he filed his habeas petition in the district court, and transfer to this court was not permitted under § 1631.

In any event, even if Mr. Rivera-Bottzeck's habeas petition had been transferable pursuant to § 1631, this court could only consider the constitutional claims that he presented to the BIA. *See Rivera-Zurita v. INS*, 946 F.2d 118, 120 n.2 (10th Cir. 1991) (holding petitioner's failure to raise issue with BIA deprived appellate court of jurisdiction to consider it). Because he has effectively raised in appeal number 06-9509 the constitutional claim he presented to the BIA, the denial of his request to transfer his habeas petition has not prevented him from obtaining judicial review of that claim.[3]

---

[3] Mr. Rivera-Bottzeck raises one additional issue. At the time he filed the transfer motion in the district court he also filed in this court, in appeal number 06-9509, a document titled Notice of Intent to Transfer Application for Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2241 from U.S. District Court for the District of Colorado to the Court of Appeals for the Tenth Circuit. We ultimately construed this filing as a notice of appeal in this matter. He asserts that we should have instead construed it as a motion to consolidate this matter with appeal number 06-9509. He raised this issue previously in a motion to consolidate, which the court denied, and he identifies no error in that order. Therefore, we need not address this issue further.

The judgment of the district court is AFFIRMED. Mr. Rivera-Bottzeck's motion to proceed without prepayment of costs or fees is GRANTED. His motion for leave to supplement the record is DENIED.

Entered for the Court

Michael R. Murphy
Circuit Judge