**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**March 14, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

---

FLOR VARELA-SEBASTIAN,

      Petitioner,

v.

MICHAEL B. MUKASEY,

      Respondent.

No. 08-9526
(Petition for Review)

---

**ORDER AND JUDGMENT**[*]

---

Before **TACHA**, **EBEL**, and **BRISCOE**, Circuit Judges.

---

    The matter before the court is petitioner's "Verified Petition for a Writ of Habeas Corpus and Complaint for Declaratory and Injunctive Relief and Stay of Removal" (Petition). Petitioner asserts that she is currently in the custody of the U.S. Immigration and Customs Enforcement Agency in Aurora, Colorado, and that her removal to Mexico is imminent. Invoking our jurisdiction under 28 U.S.C. §§ 1331 (federal question), 1361 (mandamus), 1651 (All Writs Act),

---

[*]    After examining the petition and exhibits filed, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

2201 (declaratory judgment), and 2241 (habeas), she claims that respondent's conduct has deprived her of due process. She requests a stay of removal, release from custody, and an order directing the Immigration Court to conduct a merits hearing on her claim of United States citizenship.

Subject to certain exceptions not relevant here, a petition for review is the exclusive means of challenging an order of removal in this court. *See* 8 U.S.C. § 1252(a)(5). Although not styled as a petition for review of the underlying order of removal, the Petition seeks just that—an order directing the Immigration Court to conduct a merits hearing on her claim of citizenship, which, according to petitioner, was considered and rejected by an immigration judge in 2000. The Board of Immigration Appeals dismissed petitioner's appeal from that decision in 2002.

A "petition for review must be filed not later than 30 days after the date of the final order of removal." *Id.*, § 1252(b)(1). "The filing of a timely petition for review is mandatory and jurisdictional and is not subject to equitable tolling." *See Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam) (quotation omitted). Furthermore, petitioner has not presented the type of unique circumstances that might excuse her untimely filing. *See id.* The present Petition is untimely, and therefore we lack jurisdiction, even to the extent petitioner raises constitutional or statutory claims. *See Lorenzo v. Mukasey*, 508 F.3d 1278, 1281

& n.4 (10th Cir. 2007).  Accordingly, the Petition is dismissed for lack of jurisdiction, and petitioner's request for a stay of removal is denied as moot.

Entered for the Court

PER CURIAM