**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**May 20, 2008**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

BERTHA ALICIA LARA-MIJARES,

Petitioner,

v.

MICHAEL B. MUKASEY, United
States Attorney General,

Respondent.

No. 07-9515
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **BRISCOE**, **PORFILIO**, and **BALDOCK**, Circuit Judges.

Bertha Alicia Lara-Mijares is a native and citizen of Mexico. An

immigration judge (IJ) granted her cancellation of removal. The government

appealed to the Board of Immigration Appeals (BIA), which determined that she

was not eligible for cancellation, vacated the IJ's decision, and ordered her

removed to Mexico. She filed a combined motion to reopen and to reconsider,

---

[*]     After examining the briefs and appellate record, this panel has determined
unanimously to grant the parties' request for a decision on the briefs without oral
argument. *See* Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and
collateral estoppel. It may be cited, however, for its persuasive value consistent
with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

which the BIA denied.  She then filed the present petition for review, which we dismiss for lack of jurisdiction.

## BACKGROUND

In August 2002, an investigation by immigration officials into a complaint by a United States citizen that someone in Colorado was using the citizen's name, date of birth, and social security number, led to Ms. Lara-Mijares.  She was served a notice to appear before an IJ and charged with removability under 8 U.S.C. § 1182(a)(6)(A)(i)[1] because she had entered the United States without being inspected or admitted by an Immigration Officer.  Represented by counsel at the hearing, she conceded removability but requested cancellation of removal under 8 U.S.C. § 1229b(b).  To be eligible for a discretionary grant of cancellation under that provision, an alien must establish four elements: (1) physical presence in the United States for a continuous period of not less than ten years; (2) good moral character during that time; (3) no convictions for certain enumerated offenses; and (4) "that removal would result in exceptional and extremely unusual hardship to the alien's spouse, parent, or child, who is a United States citizen or an alien lawfully admitted for permanent residence."  *Id.* § 1229b(b)(1)(A)-(D).

---

[1]    The statute provides:  "An alien present in the United States without being admitted or paroled, or who arrives in the United States at any time or place other than as designated by the Attorney General, is inadmissible."  8 U.S.C. § 1182(a)(6)(A)(i).

Ms. Lara-Mijares testified that she entered the United States in 1991 and obtained a birth certificate and social security card in the name of the complaining citizen in 1993. She used those documents to obtain a Colorado identification card, employment, college courses, car insurance, emergency medical services, and telephone service. She also presented evidence regarding the hardship that her two U.S.-citizen daughters would face if she was removed to Mexico.

The IJ determined that Ms. Lara-Mijares established all four statutory elements and granted her application for cancellation. Only the second and fourth elements of the statute are relevant to this appeal. As to the second element, the IJ found that despite Ms. Lara-Mijares's procurement and use of fraudulent identification documents, she did not intend "to willfully misrepresent anything." Admin. R. at 119. Therefore, the IJ concluded, she was of good moral character. Concerning the fourth element, the IJ concluded that removal to Mexico would result in exceptional and extremely unusual hardship for Ms. Lara-Mijares's elder daughter, who was then ten years old and an exceptional student, based on his finding that there were diminished educational and health care opportunities for her in Mexico.[2]

---

[2] Ms. Lara-Mijares's other daughter was an infant at the time, and the IJ concluded that her mother's removal would not be problematic for her. That determination is not at issue here.

The government successfully appealed to the BIA. In a decision issued on October 27, 2006, the BIA concluded that Ms. Lara-Mijares was not eligible for cancellation. As to the moral-character element, the BIA concluded that the IJ's statement that Ms. Lara-Mijares did not intend to willfully misrepresent anything was clearly erroneous because it was plainly contradicted by her own testimony that she had engaged in a string of dishonest acts involving her identity.

As an independent ground for its decision, the BIA concluded that Ms. Lara-Mijares had not established that removal would result in exceptional and extremely unusual hardship because her older daughter would not "be deprived of all schooling or of an opportunity to obtain any education." Admin. R. at 49 (quotation omitted). The BIA therefore vacated the IJ's decision and ordered Ms. Lara-Mijares's removal to Mexico.

Ms. Lara-Mijares obtained new counsel and filed a combined motion to reopen and to reconsider, which the BIA denied on March 9, 2007. Although a motion to reopen and a motion to reconsider are often filed as a combined motion, they are distinct motions with different purposes and requirements, and we examine them as such. A motion to reopen seeks to present evidence that "is material and was not available and could not have been discovered or presented at the former hearing." 8 C.F.R. § 1003.2(c)(1); *see also* 8 U.S.C. § 1229a(c)(7)(B). A motion to reconsider is available to raise "errors of fact or law" in the BIA's

prior decision and must be supported by "pertinent authority."  8 C.F.R.

§ 1003.2(b)(1); *see also* 8 U.S.C. § 1229a(c)(6)(C).

In the motion to reopen, Ms. Lara-Mijares asked the BIA to consider

additional evidence of her older daughter's academic achievements that

post-dated the hearing before the IJ.  The BIA refused to reopen the matter on the

ground that the new evidence was similar in character to evidence previously

considered and therefore unlikely to change the hardship determination.  In the

motion for reconsideration, Ms. Lara-Mijares asked the BIA to reconsider its

determination that she lacked good moral character because the BIA had

erroneously reviewed the IJ's findings de novo and had made credibility

determinations without giving her notice and a chance to respond.  The BIA found

"no basis to reconsider" its moral-character determination, stating that her

admissions concerning the use of fraudulent documents supported its conclusion

that she had not established good moral character during the statutory ten-year

time period.  Admin. R. at 2.  Ms. Lara-Mijares then filed a petition for review

with this court on April 2, 2007.

## DISCUSSION

We read the petition for review as raising four issues:  (1) a due process

argument that the matter should be remanded to the immigration court to address

over 160 indications of "indiscernible" testimony in the hearing transcript; (2) a

challenge to the BIA's standard of review and alleged credibility determinations

on both the moral-character inquiry and the hardship issue; (3) whether the BIA properly adjudicated the combined motion to reopen and to reconsider; and (4) whether the BIA improperly relied on documents that were not in evidence before the IJ. The government contends that we lack jurisdiction over most of these issues and that, in any event, they all lack merit. Exercising "jurisdiction to determine our jurisdiction," *Schroeck v. Gonzales*, 429 F.3d 947, 950 (10th Cir. 2005), and mindful of our independent obligation to examine our jurisdiction, *Perales-Cumpean v. Gonzales*, 429 F.3d 977, 981 n.3 (10th Cir. 2005), we conclude that we lack jurisdiction over all of the issues raised in the petition. Our analysis involves several jurisdictional bars, which we address in the most convenient order. *D.L. v. Unified Sch. Dist. No. 497*, 392 F.3d 1223, 1229 (10th Cir. 2004).

## A. Timely petition for review is mandatory and jurisdictional

In her opening brief, Ms. Lara-Mijares states that she appeals both the BIA's underlying removal order and its order denying her combined motion to reopen and to reconsider. Pet'r's Opening Br. at 10. But a "petition for review must be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). And "a timely petition for review is mandatory and jurisdictional." *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam) (quotation omitted). Ms. Lara-Mijares's petition for review was filed on April 2, 2007, which was more than thirty days after the BIA issued the

-6-

underlying order of removal on October 27, 2006. Therefore, we lack jurisdiction to review the removal order. The petition is timely as to the BIA's order denying the motion to reopen and to reconsider, which is a separately reviewable, final order as to each motion. *See Infanzon v. Ashcroft*, 386 F.3d 1359, 1361 (10th Cir. 2004) (order denying motion to reopen); *Desta v. Ashcroft*, 329 F.3d 1179, 1183 (10th Cir. 2003) (order denying motion to reconsider). However, there are other jurisdictional problems with respect to the BIA's second order.

**B. Exhaustion of administrative remedies is jurisdictional**

A second jurisdictional problem with Ms. Lara-Mijares's petition for review is her failure to exhaust certain issues. This court has jurisdiction only when an "alien has exhausted all administrative remedies available to the alien as of right." 8 U.S.C. § 1252(d)(1). We examine exhaustion on an issue-by-issue basis. *See Sidabutar v. Gonzales*, 503 F.3d 1116, 1118-22 (10th Cir. 2007). An issue is exhausted if the alien raised it before the BIA, *id.* at 1121, or if the BIA "issues a full explanatory opinion or a discernible substantive discussion on the merits" of an issue the alien did not present, *id.* at 1122. The exhaustion requirement extends to issues that were not presented in a direct appeal to the BIA but could have been raised in a motion to reopen or to reconsider, *id.*, and to constitutional due-process objections that involve administratively correctable procedural errors, *Akinwunmi v. INS*, 194 F.3d 1340, 1341 (10th Cir. 1999) (per curiam).

Acknowledging that she did not present her first issue, regarding "indiscernible" testimony in the transcript, to the BIA when the government appealed the IJ's decision, Ms. Lara-Mijares postulates that her prior attorney saw no need to raise the issue because she had prevailed before the IJ. Assuming, without deciding, that this theory has merit, it overlooks the fact that she could have, and therefore should have, presented the issue in her motion to reopen and to reconsider, which was filed by present counsel. *See Sidabutar*, 503 F.3d at 1122. Therefore, because Ms. Lara-Mijares did not exhaust her administrative remedies as to this issue, we lack jurisdiction to consider it. *See Sidabutar*, 503 F.3d at 1122.

We reach the same conclusion with respect to Ms. Lara-Mijares's fourth issue, that the BIA relied on documents that were not part of the record when it issued the underlying removal order. As this issue arose as a result of the underlying order and was not discussed therein, the only opportunity for Ms. Lara-Mijares to raise it was in a post-decision motion. Since she did not do so, the issue is unexhausted, and we lack jurisdiction to consider it. *See id.*

Ms. Lara-Mijares presented the second issue, regarding the BIA's standard of review and alleged credibility determinations, in her request for reconsideration of the BIA's decision on the moral-character element of cancellation. However, she did not raise this issue with respect to the hardship determination, and the BIA did not address it. We therefore conclude that the

second issue is exhausted as to the moral-character element but not with respect to hardship. We also consider exhausted the third issue, which asserts that the BIA should have reopened the case to consider additional evidence of hardship and that the BIA failed to rule on the motion to reconsider its moral-character determination, because there is no further administrative remedy available: An alien may not file a motion to reconsider the denial of a previous motion to reconsider, 8 C.F.R. § 1003.2(b)(2), and is limited to one motion to reopen removal proceedings, subject to certain exceptions not applicable here, *id.* § 1003.2(c)(2).

## C. Jurisdiction over denial of motion to reopen

Having established that Ms. Lara-Mijares exhausted her administrative remedies with respect to part of the second issue and all of the third issue, we next consider our jurisdiction to review the denial of the motion to reopen, since the answer to that question is dispositive of all the exhausted issues.

Whether or not we have jurisdiction to review the denial of a motion to reopen requires us to consider our jurisdiction over the underlying order. *Infanzon*, 386 F.3d at 1361. When Congress has explicitly withdrawn jurisdiction to review the underlying order, we lack jurisdiction to review the denial of a subsequent motion to reopen, at least where, as here, the motion to reopen is denied on essentially the same unreviewable merits ground as the underlying order. *See id.* at 1362 (citing *Sarmadi v. INS*, 121 F.3d 1319, 1322 (9th Cir.

-9-

1997), concerning explicit withdrawal of jurisdiction); *see also Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (holding that there is no jurisdiction "to review the denial of a motion to reopen that pertains only to the merits basis for a previously-made discretionary determination under one of the enumerated provisions [of 8 U.S.C. § 1252(a)(2)(B)(i), namely], 8 U.S.C. §§ 1182(h), 1182(i), 1229b, 1229c, and 1255").

The BIA's underlying denial of Ms. Lara-Mijares's application for cancellation was on the merits and made under one of the provisions enumerated in § 1252(a)(2)(B)(i), namely, § 1229b. In denying the motion to reopen, the BIA reasoned that the additional documentation of the educational achievements of Ms. Lara-Mijares's elder daughter was unlikely to change its conclusion that Ms. Lara-Mijares had not demonstrated exceptional and extremely unusual hardship. Although not explicitly stated in the BIA's order, we view this as a denial on the same ground as the underlying denial of cancellation—that the additional documentation did not aid Ms. Lara-Mijares in establishing prima facie eligibility for cancellation. *See Mickeviciute v. INS*, 327 F.3d 1159, 1162 (10th Cir. 2003) (explaining that one ground on which the BIA may properly deny a motion to reopen is "that the movant has not established a prima facie case for the underlying substantive relief sought" (quotation omitted)). The BIA's underlying determination that Ms. Lara-Mijares failed to establish that removal would cause the requisite hardship is a determination that involves the exercise of

discretion and is therefore unreviewable.  *See Sabido Valdivia v. Gonzales*, 423 F.3d 1144, 1148 (10th Cir. 2005).  Because the denial of the motion to reopen pertained only to the merits of a determination that involved the exercise of discretion, we lack jurisdiction to review it.

**D.  Exhausted challenges to denial of motion to reconsider are moot**

As stated earlier, an alien must establish four elements under 8 U.S.C. § 1229b(b) in order to be eligible for cancellation of removal.  Thus, failure to establish one element precludes eligibility.  The BIA determined that Ms. Lara-Mijares could not establish two of those elements, exceptional and extremely unusual hardship or good moral character.  Since we lack jurisdiction to consider any of Ms. Lara-Mijares's arguments concerning the hardship determination, whether or not the BIA erred in denying the motion to reconsider its moral-character determination is moot, and we lack jurisdiction to consider the exhausted issues that pertain to the denial of the motion to reconsider.  *See Morales Ventura v. Ashcroft*, 348 F.3d 1259, 1262-63 (10th Cir. 2003).

The petition for review is DISMISSED for lack of jurisdiction.

Entered for the Court

Mary Beck Briscoe
Circuit Judge

-11-