FILED
United States Court of Appeals
Tenth Circuit

December 13, 2010

Elisabeth A. Shumaker
Clerk of Court

UNITED STATES COURT OF APPEALS

FOR THE TENTH CIRCUIT

FRANCISCO JESUS BERMUDEZ,

Petitioner,

v.

ERIC H. HOLDER, JR.,
United States Attorney General,

Respondent.

No. 10-9581
(Petition for Review)

### ORDER AND JUDGMENT[*]

Before **BRISCOE**, Chief Judge, **LUCERO** and **HOLMES**, Circuit Judges.

Petitioner Francisco Bermudez, proceeding pro se, moves this court for a stay of removal pending consideration of his petition for review of the Board of Immigration Appeals' decision affirming the Immigration Judge's determination that he is subject to removal for having been convicted of an aggravated felony. Because the petition for review appeared to be untimely when it was filed, we

---

[*] After examining the petition for review and related materials, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

issued a show cause order directing petitioner to demonstrate why his case should not be dismissed for lack of jurisdiction. Petitioner has responded to the show cause order. Upon consideration, we dismiss the petition for review for lack of jurisdiction and deny the motion for stay as moot.

A petition for review of a final order of removal must "be filed not later than 30 days after the date of the final order of removal." 8 U.S.C. § 1252(b)(1). The Board of Immigration Appeals' decision, which constitutes the final order of removal, was entered on August 30, 2010. The petition for review therefore needed to be filed on or before September 29, 2010.

In a letter attached to the petition for review, petitioner indicated he had attempted to file his petition on September 29, 2010, but he acknowledged that this court had not actually received it. *See* Pet. at 1. He has attached to his petition what appears to be a copy of a certificate of service dated September 29, 2010, indicating he served a copy of a petition for review on the U.S. Attorney General in Washington, D.C. and a Field Office Director in El Paso, Texas, but the certificate of service does not show that he filed the petition for review with any court on that date. *See* Pet. at 22. The first time he attempted to file a petition for review with a court was on October 26, 2010, when he sent his petition to the United States Court of Appeals for the Fifth Circuit. *See id*. at 23. That court docketed his petition, but ultimately dismissed the petition because he failed to pay the docketing fee. *See Bermudez v. Holder*, Case No. 10-60862

(5th Cir. Nov. 23, 2010) (unpublished order).  Petitioner did not file his petition for review with this court until November 22, 2010.

After we entered the show cause order, petitioner submitted a document titled in part "Emergency Motion and Requests for in Bond Redetermination Proceedings," but in the body of the motion, it purports to be in "response to the request for legal basis for not dismissing this case."  Resp. at 2.  The document, however, offers no basis for excusing petitioner's failure to timely file his petition for review; instead, it attacks the merits of his underlying immigration proceedings.  *See id*. at 2-5.  Because petitioner has offered no legal basis that would allow this court to exercise jurisdiction over his untimely petition for review, we conclude it must be dismissed for lack of jurisdiction.  *See Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) ("The filing of a timely petition for review is mandatory and jurisdictional and is not subject to equitable tolling." (quotation omitted)).

Accordingly, we DISMISS the petition for review for lack of jurisdiction and DENY the petition for stay of removal as moot.  Petitioner's motion for leave to proceed on appeal without prepayment of costs or fees is DENIED.

Entered for the Court
Per Curiam