FILED
United States Court of Appeals
Tenth Circuit

August 15, 2014

Elisabeth A. Shumaker
Clerk of Court

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

DAVID OLUSEGUN AKINMADE, a/k/a
Maroy Lynne Craddock,

Petitioner,

v.

ERIC H. HOLDER, JR., United States
Attorney General,

Respondent.

No. 14-9507
(Petition for Review)

**ORDER AND JUDGMENT**[*]

Before **HARTZ**, **BALDOCK**, and **BACHARACH**, Circuit Judges.

David Olusegun Akinmade, proceeding pro se, filed a petition for review of a

decision by the Board of Immigration Appeals (BIA). The government filed a

motion to dismiss, arguing that this court lacked jurisdiction to consider the petition

because it was not timely filed. Mr. Akinmade filed a response to the motion to

dismiss. Upon consideration, we grant the motion and dismiss the appeal.

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist the determination of this
appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

I.  Background

Mr. Akinmade is a native and citizen of Nigeria.  He entered the United States in 1995, and was granted asylum and withholding of removal in 2000.  He adjusted to lawful permanent resident status in 2006.  A few years later, he was convicted of bank fraud.  The Department of Homeland Security (DHS) subsequently issued a notice to appear, charging Mr. Akinmade as removable due to his conviction for an aggravated felony.

An immigration judge (IJ) found Mr. Akinmade removable, concluded his conviction constituted an aggravated felony making him ineligible for asylum, and terminated his grant of asylum and withholding of removal.  On August 29, 2013, the BIA affirmed the IJ's decision and dismissed the appeal.  Mr. Akinmade then filed a motion to reconsider the BIA's decision.  The BIA denied the motion to reconsider on December 17, 2013.  Mr. Akinmade filed his pro se petition for review on January 23, 2014.

II.  Discussion

A petition for review must be filed within thirty days of the date of a final order of removal.  8 U.S.C. § 1252(b)(1).  We have held that "[t]he filing of a timely petition for review is mandatory and jurisdictional." *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (internal quotation marks omitted).

The date of the final order of removal is December 17, 2013, when the BIA denied Mr. Akinmade's motion to reconsider.  The petition for review was therefore

- 2 -

due thirty days later on January 16, 2014. But Mr. Akinmade did not file the petition for review until January 23, 2014, seven days after the filing deadline.

At the time he filed his petition for review, Mr. Akinmade was detained at the Otero County Processing Center. In his response, he asserts that a document is timely filed when it is handed to a jailer or prison guard. Federal Rule of Appellate Procedure 25(a)(2)(C) provides:

> A paper filed by an inmate confined in an institution is timely if deposited in the institution's internal mailing system on or before the last day for filing. If an institution has a system designed for legal mail, the inmate must use that system to receive the benefits of this rule. Timely filing may be shown by a declaration in compliance with 28 U.S.C. § 1746 or by a notarized statement, either of which must set forth the date of deposit and state that first-class postage has been prepaid.

Here, Mr. Akinmade included with his petition for review a certificate of service, which states that he served his petition on the DHS Office of Chief Counsel in El Paso, Texas on January 15, 2014, by U.S. Mail, postage prepaid. But the certificate of service does not state that he mailed the petition for review to this court using the institution's legal mail system within the thirty-day filing period. Mr. Akinmade likewise failed to comply with Rule 25(a)(2)(C)'s requirement to submit a notarized statement or a declaration under 28 U.S.C. § 1746, which requires that the statement be subscribed "as true under penalty of perjury."

In order to benefit from the so-called "prisoner mailbox rule," we have required strict compliance with its provisions. *See, e.g., Price v. Philpot*, 420 F.3d 1158, 1166 (10th Cir. 2005) (concluding that prisoner failed to establish eligibility

- 3 -

for mailbox rule because "[a]lleging only that he used 'the institutional mails' is insufficient to connote use of the 'legal mail system,'" and he failed to submit a notarized statement or declaration under § 1746); *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1145 (10th Cir. 2004) (concluding that prisoner failed to establish compliance with the mailbox rule because his notice of appeal "has neither a declaration of compliance nor a notarized statement, and it fails to affirm that he pre-paid first-class postage for any of his filings"); *United States v. Smith*, 182 F.3d 733, 735 n. 1 (10th Cir. 1999) (refusing to grant a pro se prisoner benefit of the mailbox rule because his filing did not state that first-class postage had been pre-paid).  Mr. Akinmade may not establish timely filing of his petition for review through the mailbox rule because his certificate of service does not state that his petition for review was placed in the legal mail system, and he failed to submit the required declaration or notarized statement.

Because Mr. Akinmade's petition was filed thirty-seven days after the date of the final order of removal, it was not timely filed.  8 U.S.C. 1252(b)(1).  We therefore lack jurisdiction to consider it.  *Nahatchevska*, 317 F.2d at 1227. Accordingly, we grant the government's motion to dismiss for lack of jurisdiction and dismiss the petition for review.  We grant Mr. Akinmade's motion for leave to proceed on appeal without prepayment of costs or fees.

Entered for the Court

Bobby R. Baldock
Circuit Judge

- 4 -