**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**January 29, 2016**

**Elisabeth A. Shumaker**
**Clerk of Court**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**
_____

ZHAOHUI ZHANG,

      Petitioner,

v.

LORETTA E. LYNCH, United States
Attorney General,

      Respondent.

No. 15-9538
(Petition for Review)

_____

**ORDER AND JUDGMENT**[*]
_____

Before **HARTZ**, **BALDOCK**, and **HOLMES**, Circuit Judges.
_____

Petitioner Zhaohui Zhang, proceeding pro se, petitions for review of the Board

of Immigration Appeals (BIA) order denying his motion to reopen and reissue its

decision. Exercising jurisdiction under 8 U.S.C. § 1252, we deny the petition.

Mr. Zhang, a citizen of China, entered the United States as a nonimmigrant

visitor in December 2007. In February 2008 the visa expired, and he filed for asylum

---

[*] After examining the briefs and appellate record, this panel has determined
unanimously that oral argument would not materially assist in the determination of
this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore
ordered submitted without oral argument. This order and judgment is not binding
precedent, except under the doctrines of law of the case, res judicata, and collateral
estoppel. It may be cited, however, for its persuasive value consistent with
Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

and other relief.  After an immigration judge (IJ) denied his application in June 2013, he timely appealed to the BIA.

In June 2014 the BIA upheld the IJ's decision and dismissed Mr. Zhang's appeal.  He filed a pro se motion to reopen and reissue in March 2015.  In support of his motion he stated he did not become aware that his case had been dismissed until February 2015, when he called the office he had designated as the address at which he would receive his mail.  The motion was accompanied by an affidavit of the office manager, stating that she worked "as a Mandarin-English translator for several immigration attorneys," that she allowed Mr. Zhang to use her address because he did not have a stable address, that she had received the envelope (which she did not bother to open) at a time when she was "very busy and under a lot of stress," and that she had misplaced the decision and forgotten to inform Mr. Zhang about it.  R. Vol. 1 at 12.

The BIA denied the motion, stating:  "The record reflects that the Board's decision was properly served on the respondent at the address that he provided.  We are not persuaded that there is an adequate explanation for the delay of over 10 months in seeking to further pursue this matter."  *Id.* at 2.  This appeal followed.

As a threshold matter, we note that our jurisdiction is limited to review of the BIA's March 2014 order denying Mr. Zhang's motion.  Under the Immigration and Nationality Act, a petition for review of a final order of removal "must be filed not later than 30 days after the date of the final order of removal."  8 U.S.C.

§ 1252(b)(1).  Because Mr. Zhang did not file his petition until March 2015, we decline to address his contentions with respect to the BIA's June 2014 decision.

We review for abuse of discretion the BIA's denial of a motion to reopen.  *See Maatougui v. Holder*, 738 F.3d 1230, 1239 (10th Cir. 2013).  "The BIA abuses its discretion when its decision provides no rational explanation, inexplicably departs from established policies, is devoid of any reasoning, or contains only summary or conclusory statements."  *Infanzon v. Ashcroft*, 386 F.3d 1359, 1362 (10th Cir. 2004) (internal quotation marks omitted).  Because motions to reopen immigration cases are disfavored, a petitioner bears a heavy burden to show that the BIA abused its discretion.  *See Maatougui*, 738 F.3d at 1239.

We construe Mr. Zhang's pro se pleadings liberally.  *See Childs v. Miller*, 713 F.3d 1262, 1264 (10th Cir. 2013).  But pro se parties must follow the same rules of procedure as other litigants, *see Kay v. Bemis*, 500 F.3d 1214, 1218 (10th Cir. 2007), and we will not supply additional factual allegations or construct legal theories on their behalf, *see Smith v. United States*, 561 F.3d 1090, 1096 (10th Cir. 2009).

Mr. Zhang does not dispute that the BIA mailed a copy of its June 2014 decision to the address he provided or that it was in fact received there.  He does not allege that he took any steps to inquire about the status of his case before February 2015, eight months after the BIA issued its decision and a year and a half after he filed his appeal.  Nor does he set forth any unique circumstances to excuse his untimeliness.  *See Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir.

3

2003). Indeed, by providing vague, generalized excuses – such as, immigrants "tend to change residences quite often for one reason or another" – and by attributing the delay to "inadvertency," Br. at 14, he seems to suggest, if not concede, that no such circumstances exist in this case. We discern no abuse of the BIA's discretion in denying his motion.

     The petition for review is denied.

Entered for the Court

Harris L Hartz
Circuit Judge
