**FILED**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**FOR THE TENTH CIRCUIT**

**April 11, 2025**

**Christopher M. Wolpert**
**Clerk of Court**

_____

ANTONIO NAVA-CAPILLA,

    Petitioner,

v.

PAMELA BONDI, United States Attorney
General,[*]

    Respondent.

No. 24-9534
(Petition for Review)

_____

**ORDER AND JUDGMENT**[**]

_____

Before **MATHESON**, **EBEL**, and **CARSON**, Circuit Judges.

_____

Antonio Nava-Capilla petitions for review of the Board of Immigration Appeals'

("BIA") dismissal of an appeal from an Immigration Judge's ("IJ") denial of his

application for asylum, withholding of removal, and protection under the Convention

---

[*] On February 5, 2025, Pamela Bondi became Attorney General of the United States. Her name has been substituted as Respondent, per Fed. R. App. P. 43(c)(2).

[**] After examining the briefs and appellate record, this panel has determined unanimously to honor the parties' request for a decision on the briefs without oral argument. _See_ Fed. R. App. P. 34(f); 10th Cir. R. 34.1(G). The case is therefore submitted without oral argument. This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. It may be cited, however, for its persuasive value consistent with Fed. R. App. P. 32.1 and 10th Cir. R. 32.1.

Against Torture ("CAT"), and his request for voluntary departure. Because his petition to this court was untimely and he has not shown he is entitled to equitable tolling, we deny the petition.

## I.  BACKGROUND

In 1996, Mr. Nava-Capilla, a native and citizen of Mexico, entered the United without authorization. In 2014, after immigration officials learned of his presence in the United States while serving a sentence for felony child abuse, the Department of Homeland Security placed him in removal proceedings. He conceded his removability.

In 2016, Mr. Nava-Capilla applied for asylum, withholding of removal, and CAT protection. After a merits hearing, the IJ denied the application and his request for voluntary departure. The IJ ordered Mr. Nava-Capilla removed to Mexico. Mr. Nava-Capilla appealed to the BIA.

On April 3, 2024, the BIA dismissed the appeal, making the IJ's removal order final, *see* 8 C.F.R. § 1241.1(a), and mailed copies to Mr. Nava-Capilla and his attorney at their addresses on record. The cover letter to Mr. Nava-Capilla warned that "any petition for review of the attached decision must be filed with and received by the appropriate court of appeals within 30 days of the date of the decision." ROA, Vol. 1 at 2.

On May 16, 2024—43 days after his removal order became final—Mr. Nava-Capilla filed this petition for review. This court ordered Mr. Nava-Capilla to explain the jurisdictional basis for his petition. He filed a late jurisdictional memorandum, the Government responded, and the jurisdictional issue was referred to this panel.

2

## II. DISCUSSION

### A. *Legal Background*

Under the Immigration and Nationality Act, we may review a "final order of removal." 8 U.S.C. § 1252(a)(1). A petition for review "must be filed not later than 30 days after the date of the final order of removal." *Id.* § 1252(b)(1).

We have held this deadline is "mandatory and jurisdictional" and "not subject to equitable tolling." *Nahatchevska v. Ashcroft*, 317 F.3d 1226, 1227 (10th Cir. 2003) (per curiam) (quotations omitted); *see also Arostegui-Maldonado v. Garland*, 75 F.4th 1132, 1140 (10th Cir. 2023). But this precedent is now in question in light of the Supreme Court's decision in *Santos-Zacaria v. Garland*, 598 U.S. 411 (2023), which held that the exhaustion requirement in 8 U.S.C. § 1252(d)(1) for review of removal orders is a nonjurisdictional, claim-processing rule. *Id.* at 416-19.[1]

Currently pending before the Supreme Court is *Riley v. Bondi*, No. 23-1270 (U.S. argued Mar. 24, 2025), which presents whether § 1252(b)(1)'s filing deadline, the deadline at issue here, is jurisdictional. "Filing deadlines fall into one of three categories: (1) jurisdictional deadlines, which cannot be equitably tolled by the court or waived by an

---

[1] The Court said it routinely "trea[ts] as nonjurisdictional . . . threshold requirements that claimants must complete, or exhaust, before filing a lawsuit. *Santos-Zacaria*, 598 U.S. at 417 (quotations omitted). Further, it said Congress did not use the same clear jurisdictional language—"no court shall have jurisdiction" to review—in § 1252(d)(1) that it used in related statutory provisions "enacted at the same time . . . and even in the same section." *Id.* at 418-19, 419 n.5 (citing statutory immigration provisions).

opposing party, (2) mandatory claims-processing deadlines, which are subject to equitable tolling unless properly raised by an opposing party, in which case they are unalterable, or (3) nonmandatory claims-processing deadlines, which are both subject to equitable tolling and flexible when raised by an opposing party." *Young v. SEC*, 956 F.3d 650, 654-55 (D.C. Cir. 2020) (citing *Bowles v. Russell*, 551 U.S. 205, 213 (2007); *Nutraceutical Corp. v. Lambert*, 586 U.S. 188, 192-93 (2019)); *see also Miguel-Pena v. Garland*, 94 F.4th 1145, 1154-55 (10th Cir. 2024).

"Equitable tolling is appropriate where the movant shows (1) that she has been pursuing her rights diligently, and (2) that some extraordinary circumstance stood in her way and prevented timely filing." *Estrada-Cardona v. Garland*, 44 F.4th 1275, 1287 (10th Cir. 2022) (citing *Holland v. Florida*, 560 U.S. 631, 649 (2010)); *Chance v. Zinke*, 898 F.3d 1025, 1034 (10th Cir. 2018).

B. *Analysis*

As noted above, Mr. Nava-Capilla's removal order became final on April 3, 2024, when the BIA dismissed his appeal. *See* 8 C.F.R. § 1241.1(a). Mr. Nava-Capilla's attorney received the BIA's decision on April 17, 2024. Pet'r Juris. Br. at 1-2. He filed the petition on May 16, 2024, 13 days late.

The petition is untimely whether § 1252(b)(1)'s filing deadline is (1) a jurisdictional rule, (2) a mandatory claim-processing rule, or (3) a non-mandatory claim-

4

processing rule.[2]  If it is (1) or (2), equitable tolling does not apply.[3]  If it is (3), equitable

tolling is possible, but Mr. Nava-Capilla has not shown he is entitled to it.  He does not

explain how he diligently pursued his rights when he failed to file a petition in the two

weeks after his attorney received the final removal order.  *See Chance*, 898 F.3d at 1034

("He fails to point to a single action that he took to pursue his rights . . . .").  Nor does he

argue that extraordinary circumstances prevented him from filing a timely petition.  *See,*

*e.g.*, *id.* at 1035 (noting limitations periods may be tolled when "a claimant has been

actively misled" (quotations omitted)).[4]

---

[2] For this reason, we decided not to abate this appeal pending the Supreme Court's
decision in *Riley* as to whether § 1252(b)(1)'s filing deadline is jurisdictional because the
Court's decision in that case would not affect the outcome of this appeal.  *See Patel v.*
*Garland*, No. 24-3323, 2024 WL 5075370, at *3 (6th Cir. Dec. 11, 2024) (per curiam)
(unpublished) ("Although the Supreme Court just granted certiorari to resolve this
entrenched circuit split, *see Riley v. Garland*, No. 23-1270 (U.S. Nov. 4, 2024), we need
not wait for that decision or decide the debate to resolve this appeal.").

[3] Because the Government properly objected to Mr. Nava-Capilla's untimely
petition, if § 1252(b)(1)'s filing deadline is a mandatory claim-processing rule, we could
not equitably toll the deadline.  *See Nutraceutical Corp.*, 586 U.S. at 192.

[4] Mr. Nava-Capilla urges us to regard as timely a petition filed 30 days after
service of a final removal order.  Pet'r Juris. Br. at 2.  But § 1252(b)(1) "requires the
filing of a petition for review within thirty days 'after the date of the final order of
removal,' not thirty days after *service* of that order upon the parties." *Nahatchevska*, 317
F.3d at 1227.

## III. **CONCLUSION**

Exercising jurisdiction under 8 U.S.C. § 1252(a)(1), we deny the petition for review of the removal order as untimely.

Entered for the Court

Scott M. Matheson, Jr.
Circuit Judge